Argued September 11, 1967, reversed and remanded
January 24, 1968

# HEIS, *Appellant, v.* ALLSTATE INSURANCE COMPANY, *Respondent.*

436 P. 2d 550

*Gene A. Killeen,* Portland, argued the cause for appellant. With him on the brief were Virgil Columbo and Frances M. Dudleston, Portland.

*James K. Clarke,* Portland, argued the cause for respondent. With him on the brief were McColloch, Dezendorf & Spears and Wayne Hilliard, Portland.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and LUSK, Justices.

O'CONNELL, J.

This is an action to recover under the medical payments provision of an automobile insurance policy. The case was heard by the court without a jury. Plaintiff appeals from a judgment allowing recovery for only a portion of the medical expenses claimed by her and denying her reasonable attorney's fees.

Plaintiff was insured under defendant's policy which provided coverage as follows:

> "Allstate will pay all reasonable expenses incurred within one year from the date of accident for necessary medical * * * services * * * to or for an insured who sustains bodily injury caused by accident."

The limits of the policy were stated as follows:

> "The limit of liability for automobile medical payments stated on the Supplemental Page as applicable to 'each person' is the limit of Allstate's liability for all expenses incurred by or for each person as the result of any one accident."

Plaintiff was also insured for medical services and expenses under the Kaiser Foundation Health Plan which provided the following coverage:

"(Section 5. Limitations) A. Injuries Caused by Third Parties. * * * In cases of * * * injury or illness, services and other benefits requested hereunder will be furnished but will be charged to the Member at Prevailing Rates. If the Member makes reasonable efforts to effect a monetary recovery on account of such injury or illness, Health Plan shall cancel charges made hereunder to the extent such charges exceed the total amount so recovered on account of the injury, and if, after such reasonable efforts, no recovery is effected, all charges made hereunder shall be cancelled. * * * Members hereby authorize and direct any person making any payment on account of such injury or illness to pay to Health Plan so much thereof as may be necessary to discharge any obligation of such Member."

Plaintiff was injured in an automobile accident. She incurred expenses for medical services and supplies from the Kaiser Foundation Hospital, the reasonable value of which was $977.53. Of this amount $565.70 was paid under the Kaiser Foundation Health Plan and the remainder, $411.83, was paid from the plaintiff's personal funds. The trial court held that plaintiff was entitled to $411.83, less a prior partial payment of $89.82 made by defendant.

■ The question is whether defendant is liable under its policy for the reasonable value of medical services furnished plaintiff under the Kaiser Plan.

Defendant's policy provides coverage when the expenses for medical services are incurred by or for the insured. If plaintiff herself had paid for the medical services and thereafter was reimbursed for the expenditure by the Kaiser Plan, it would seem clear

that Allstate would be obligated to pay plaintiff by force of the express terms of the policy. Allstate's agreement to pay for medical expenses incurred was not limited to those cases in which there was no right of reimbursement from a collateral source. If Allstate intended to place such a limitation on its coverage, it could have done so by adding a provision for prorating the loss as was done in that part of its policy defining the coverage for bodily injury and property damage.

Defendant argues, however, that there is no evidence that plaintiff incurred any expense at any time, nor is there evidence that the Kaiser Plan incurred any expenses to the Kaiser Foundation Hospital or anyone else with respect to plaintiff's treatment.

In the absence of evidence to the contrary, we believe it is reasonable to assume not only that the hospital did not provide its services gratuitously to those under the Kaiser Plan, but also that the Kaiser Plan received payment in the form of premiums for the coverage it provided for plaintiff. The fact that plaintiff's husband or someone other than plaintiff paid the premiums to the Kaiser Plan for the coverage it provided is unimportant.[1] Allstate's policy obligates it to pay medical expenses incurred not only *by* the insured but also *for* the insured.

Whether the other insurance carried by those who are insured by Allstate provides for *reimbursement* for medical expenses paid directly by the insured or for *direct payment* by the other insurer to the hospital should make no difference in construing Allstate's coverage. In both cases the purpose in paying pre-

---

[1] Plaintiff was brought under the Kaiser Plan as the wife of an employee of Jackson Gateway Motors, the shop personnel of which was covered as a group.

miums on the other insurance is to provide for the ultimate payment of the medical expenses of the insured.

Under our construction of Allstate's policy plaintiff will recover from Allstate an amount which she can expend for purposes other than the payment of medical expenses as far as Allstate is concerned. But this is immaterial. Unlike fire insurance under which multiple recovery is not permissible (because to permit it would encourage arson), there is no public policy which dictates a single insurance recovery for medical payments. A person may bargain with as many insurance companies as he pleases for the payment of medical expenses incurred by him. This does not result in any unfairness to the multiple insurers. Each insurer receives a premium which we may assume is computed upon the basis that the insurer alone will be obligated to pay the medical expenses of the insured and not simply the excess or a pro rata proportion of the expense with other insurers. As we have already noted, if it were the intention to so limit liability, it is reasonable to assume that the insurer would have included an excess or pro rata clause in the section of its policy on medical expense coverage. Similar reasoning is found in *Feit v. St. Paul Fire & Marine Ins. Co.*, 209 Cal App2d 825, 27 Cal Rptr 870 (1966):

> "The existence of prepaid medical, hospitalization and funeral plans is a matter of common knowledge and is certainly known to the insurance industry. If an insurer does not wish to honor claims of the type involved here it should exclude them specifically so that an insured with additional medical or hospital coverage would know that he is receiving less coverage for his premium dollar than some other insured who is without outside benefits." 27 Cal Rptr at 872.

We hold that plaintiff is entitled to recover under her policy with defendant without deducting the amount paid by the Kaiser Plan for her medical services.

Other courts have reached the same result. *Masaki v. Columbia Casualty Co.*, 48 Haw 136, 395 P2d 927 (1964) and *Feit v. St. Paul Fire & Marine Ins. Co.*, supra, are closely in point. In both cases the provisions for coverage were the same as those set out above and the plaintiff's claim was based upon medical services rendered under the Kaiser Foundation Plan. It was held that the plaintiff insured was entitled to recover the reasonable value of medical services under the Kaiser Plan even though the insured did not directly pay the Kaiser Hospital for the services. The rationale of the *Masaki* and *Feit* cases is that since the terms of the policy are ambiguous in failing to state by whom the expenses have to be incurred and in failing to state to whom the payment due for incurred expenses is to be made, the policy must be construed in favor of the insured.[2]

In *Kopp v. Home Mutual Insurance Co.*, 6 Wis2d 53, 94 NW2d 224 (1959) the further point is made that coverage expressed in terms of expenses incurred "by or for" the insured is indicative of an intent not to confine the coverage to expenses incurred directly by the insured.

Defendant has cited several cases in which the

---

[2] It was also observed that certain other policy provisions (coverage A and B) obligated the insurer to pay on behalf of the insured all sums "which he shall become legally obligated to pay," whereas the coverage in question (coverage C) was stated only in terms of "expenses incurred" from which it could be inferred that "if the defendant had intended to limit its liability for medical expenses to such expenses as the insured should be legally liable to pay, it would have employed the same language in coverage C as it did in Coverages A and B." Masaki v. Columbia Casualty Co., 48 Haw at 145, 395 P2d at 931.

insured was denied recovery on the ground that he had not incurred the medical expenses for which he sought reimbursement under his policy.[9] It is possible to distinguish these cases from the case at bar on the ground that in the cases relied upon the plaintiff received his medical service as a gratuity under a statute which obligated the United States government to pay for such services. In the present case plaintiff or someone on her behalf paid either directly or indirectly for the services she received. Whether this distinction between so-called "gratuitous" services and services paid for is a sound basis for interpreting differently the contract embodied in a policy such as the one before us, we need not now decide.[10]

The trial court denied plaintiff a reasonable attorney's fee in this action. ORS 736.325 allows the plaintiff a reasonable attorney's fee if plaintiff's recovery exceeds the amount of any tender made by the defend-

[9] United States v. St. Paul Mercury Indemnity Co., 238 F2d 594 (8th Cir 1956) (medical services furnished at Veteran's Hospital); Drearr v. Connecticut General Life Insurance Co., 119 So2d 149 (1960) (same—"the veteran is entitled to such services without charge, and this being so, it could not be said that the plaintiff herein incurred any expense for the services of which he was the recipient"); Irby v. Government Employees Insurance Co., 175 So2d 9 (1965) (Coast Guardsman treated in U. S. Public Health Service Hospital); Gordon v. Fidelity & Casualty Co. of New York, 120 SE2d 509 (1961) (career soldier who received medical treatment at government expense). Compare American Indemnity Co. v. Olesijuk, 353 SW2d 71 (1961) where insured, a Navy officer, incurred expenses at a private hospital for which he was personally liable but for which he received reimbursement from the Navy under a statute authorizing reimbursement in such cases, recovery was allowed against insurer. The court distinguished the cases in which the veteran could not incur liability for the medical services because they were furnished without charge under statute.

[10] It may be argued that the medical services rendered without charge to military or other governmental personnel is not gratuitous but is a part of the compensation inducing their enlistment or employment.

ant.[9] The trial court based its denial of an attorney's fee on the ground that "plaintiff did not at any time, submit a proof of loss for the aforesaid $411.83 of medical expenses actually incurred by plaintiff; the evidence shows that in fact the only proof of loss submitted by or on behalf of plaintiff was for the unsegregated sum of $913.41."

If the trial court had construed defendant's policy as we hold that it must be construed, plaintiff's recovery in the trial court would have been $977.53, less defendant's partial payment of $89.82. Of this amount, $911.53 had been incurred at the time of plaintiff's submission of her proof of loss. Since plaintiff was entitled to this entire sum, the proof of loss was not defective in not segregating the amount she actually paid for medical services and the amount paid by the Kaiser Plan.

Defendant seems to argue that in determining whether plaintiff is to be allowed an attorney's fee, defendant is entitled to receive a proof of loss and make a tender based upon its theory of the case. But this cannot be the purpose of ORS 736.325. The policy behind the statute is to encourage the settlement of claims and to discourage the unreasonable rejection

---

[9] ORS 736.325 (1) provides:

"(1) If settlement is not made within six months from the date proof of loss is filed with an insurance company, fraternal benefit society or health care service contractor and a suit or action is brought in any court of this state upon any policy of insurance of any kind or nature, including a policy or certificate issued by a fraternal benefit society as defined in ORS 740.010 and a contract or agreement issued by a health care service contractor as defined in ORS 742.010, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such suit or action, then the plaintiff, in addition to the amount that he may recover, shall be allowed and shall recover as part of his judgment such sum as the court or jury may adjudge to be reasonable as attorney's fees."

of claims by insurers.[©] If the insurer, in rejecting a claim or in tendering less than is claimed, relies upon a mistaken theory of its legal liability, the plaintiff is entitled to a reasonable attorney's fee if he recovers more than the tender.

If the problem is examined solely from the standpoint of the adequacy of the proof of loss, defendant is still liable under the statute. First, it is to be noted that the trial court must have regarded the proof of loss adequate for the purpose of permitting plaintiff to recover the difference between her out-of-pocket costs of $411.83 and defendant's tender of $89.82. If the proof of loss was adequate for the purpose of permitting recovery, it is adequate for the purpose of satisfying ORS 736.325.

But the adequacy of plaintiff's proof of loss can be explained on even broader terms. There are no provisions in the statutes or in the insurance contract relating to the specificity with which the insured must set forth his proof of loss. The insurer is entitled to sufficient information to form a reasonable estimate of its liability. This does not mean that the insured's claim is barred if the proof of loss originally filed does not contain sufficient information to make this estimate. If the proof of loss is ambiguous, the insurer should make a reasonable effort to resolve the ambiguity. Defendant's own policy indicates that it may be necessary for it to investigate a claim for the purpose of testing its validity. Thus, the policy provides that the insured "shall after such request from Allstate execute authorization to enable it to obtain medical reports and copies of records."

---

[©] John Hancock Mutual Life Insurance Co. v. Stanley, 215 SW2d 416 (Tex Civ App 1948).

If defendant's contention is that plaintiff's proof of loss was so uncertain that defendant was unable to determine the character of plaintiff's claim, then defendant should have requested plaintiff to make her claim more definite and certain. If defendant's contention is that the expenses incurred were adequately described in the proof of loss but inadequately segregated then, as we have explained above, defendant was mistaken, as was the trial court, with respect to its liability, and consequently the proof of loss was not inadequate since it presented a claim which entitled plaintiff to recover.

The judgment is reversed and the cause is remanded with directions to enter judgment for plaintiff in the amount of $977.53, less defendant's partial payment of $89.82, together with such sum as shall be found to be a reasonable attorney's fee.