442 P.2d 738

**MEDICAL–DENTAL SERVICE, INC.,**
**Plaintiff,**

v.

**Arthur U. BOROO and Fannie E. Boroo, his wife, Defendants and Third-Party Plaintiffs and Appellants,**

v.

**NORTH IDAHO DISTRICT MEDICAL SERVICE BUREAU, INC., LEWISTON, Idaho, Third-Party Defendant and Respondent.**

**No. 10093.**

Supreme Court of Idaho.

July 10, 1968.

Rapaich & Knutson, Lewiston, for appellants.

Clements & Clements, Lewiston, for respondents.

McQUADE, Justice.

This action has been presented on stipulated facts which for purposes of this appeal may be summarized as follows.

Appellants, a husband and wife, were injured in a collision with an uninsured motorist. They prosecuted an action which resulted in default judgment against the uninsured motorist for $12,916.88, but the judgment was never satisfied. Appellants then recovered $7,000.00 ($2,000.00 to appellant-wife and $5,000.00 to appellant-husband) from Farmers Insurance Exchange under an uninsured motorist clause contained in appellants' automobile insurance policy with that company. The uninsured motorist clause obligated Farmers to pay

to appellants "all damages" legally due them from an uninsured motorist "because of bodily injury sustained" in an accident with the uninsured motorist. The policy's applicable pertinent definitions are: " 'Damages' includes damages for care, including loss of services and use," and " 'Bodily injury' means bodily injury, sickness or disease, including death * * *."

At the time of the collision, appellants had separate policies of health insurance with respondent North Idaho District Medical Service Bureau, Inc., under which respondent was required to furnish for appellants certain medical and related institutional services. Appellants incurred by reason of the collision necessary medical expenses, of which they claim approximately $350.00 comes within express coverage of their health insurance policies with respondent. On this ground, appellants refused to pay their medical bills for the allegedly insured expenses, and upon such refusal the unpaid medical persons and institutions assigned for collection their claims to Medical-Dental Service, Inc., which then brought an action in the probate court against appellants. In that action, appellants filed a third party complaint against respondent, alleging that it was obliged to pay for the medical services under appellants' health insurance policy.

Determination of the third party action hinged on the proper interpretation of the following policy provisions:

"23. OTHER INSURANCE BENEFITS: If a subscriber is entitled to benefits under any other insurance agreement, specifically including but not limited to automobile insurance, school insurance, or liability policy coverage, for expenses and services provided for in this certificate, then the benefits afforded hereunder for such services and expenses shall be over and above such other benefits.

"24. CASES INVOLVING THIRD PARTY RESPONSIBILITY: If the member shall suffer any injury or illness from the wrongful or negligent

act or omission of any other person or shall be entitled to receive any insurance proceeds by reason of such illness or injury, his membership shall entitle him to receive the services and benefits herein provided only to the extent that funds, reasonable recoverable from such wrongdoer and/or from such insurance, are inadequate to provide payment for such services and benefits. If the member in any manner directly or indirectly obtains from or on account of the other person or insurance carrier any money or thing of value as a result of suit for special damages, general damages or punitive damages or in consideration of any release, receipt, covenant not to sue, acquittance or agreement of any kind, written or oral, all such money or thing of value must be used either in obtaining hospital and/or medical services before the Bureau shall be required to provide any service or benefit under this contract, or to reimburse the Bureau to the extent of any payment previously made by the Bureau for such services."[1]

The probate court found that under the quoted provisions respondent was not liable for the medical services rendered to appellants. On appeal to the district court, the judge found likewise that coverage was excluded. This is an appeal from the district court's judgment. Finding no error, we affirm.

Appellants' central contention[2] is that the uninsured motorist benefits paid them by Farmers Insurance Exchange are not, within the quoted exclusionary pro-

visions of their health insurance policies with respondent, "benefits [received] under any other insurance agreement, * * for expenses and services provided for in this certificate [the health insurance policy]," or "any insurance proceeds [received] by reason of such illness or injury [suffered from the negligence of another]." Supporting this contention appellants argue: (1) The uninsured motorist benefits were not paid on account of the same interest or subject matter covered by the health insurance policy; (2) The exclusion provisions quoted above are ambiguous when considered with reference to separate recovery based on uninsured motorist coverage and since ambiguous should be construed in favor of the insured(s). However, they do not point out any precise ambiguity; (3) The quoted provisions do not meet the requirements of I.C. § 41-3417(4) that "All exceptions and exclusions in the contract shall be printed and otherwise set forth as prominently as the services or benefits to which they apply."

Concerning appellants' first proposition, we agree generally that to come within the quoted exclusionary provisions of respondent's health insurance policy proceeds from other insurance would have to be recovered with respect to medical services on account of injuries; but as noted in the second paragraph herein, the uninsured motorist clause of Farmers' policy expressly covered "all damages * * * because of bodily injury." Nevertheless, appellants contend that the two coverages are separate and independent so that payment under the uninsured motorist provision does not excuse

---

1. Two items are noted here: (1) In its answer to appellants' third party complaint, and in its brief on appeal, respondent relies on and discusses only the provision quoted in the text above as ¶ 24; ¶ 23, however, has been consistently mentioned by appellants as favorable to respondent; and (2) Each of the two appellants had separate health insurance policies with respondent and the pertinent provisions in each policy were not identical; however, as appellants' brief states, the wordings are similar enough to make no substantial difference.

2. Respondent requests that we dismiss the appeal because appellants' brief, particuly its single assignment of error, does not conform to the appellate practice rules of this Court. There is merit in respondent's argument. However, because appellants' brief adequately conveys their disagreement with the judgment, and because respondent will not be prejudiced since we have decided that it must prevail on this appeal, we will consider appellants' arguments.

respondent's obligation. Of the five cases[3] cited on this point by appellants, however, not one supports the contention. Three of the cases[4] decided that where a single insurance policy—containing no pertinent "other insurance" exclusions—affords coverage both for medical expenses (regardless of anyone's fault) and for the liability of an uninsured motorist, payments under the uninsured motorist clause will not absolve the insurer's additional liability for medical expenses. One case[5] concerned proration of liabilities between two insurers where the two policies contained repugnant excess-insurance clauses. And the last case, *Heis v. Allstate Insurance Co.*,[6] decided this year by the Oregon Supreme Court, supports respondent's position. In *Heis* Allstate Insurance Company contracted to pay medical expenses without any limitation or exclusion on account of other insurance. The insured had a separate policy of health insurance with Kaiser Foundation Health Plan, under which if injuries were caused by a third party, Health Plan would advance on behalf of insured medical service expenses, subject to repayment by insured from amounts recovered on account of such injuries, such debts for advances being cancelled where there could be no reasonable recovery. The question before the court was whether Allstate was "liable under its policy for the reasonable value of medical services furnished plaintiff [insured] under the Kaiser Plan."?[7] The court answered in the affirmative, saying,

"Allstate's agreement to pay for medical expenses incurred was not limited to those cases in which there was no right of reimbursement from a collateral source. If Allstate intended to place such a limitation on its coverage, it could have done so * * *."[8]

Regarding appellants' second proposition, we concur generally that if an insurer drafts an ambiguous policy clause the ambiguity will be resolved in the insured's favor. But in the present action, we find no trace of ambiguity in the pertinent provisions. And with respect to appellants' third proposition, though the provisions are not labeled or presented under a heading entitled "exclusions," or "limitations on coverage," or some similar term (as might be the better practice for assurance of clarity), nevertheless we think the provisions meet the demands of I.C. § 41–3417(4).

Appellants urge that the interpretation which we have accepted excluding respondent's liability on the present facts perpetrates "manifest injustice." However, the exclusion provisions of present concern, so interpreted, are not contrary to public policy,[9] and when such exclusion is clearly presented, as here, we have no alternative but to enforce the agreement which appellants made.

Judgment affirmed. Costs to respondent.

SMITH, C. J., and TAYLOR, McFADDEN, and SPEAR, JJ., concur.

3. Heis v. Allstate Insurance Co., Or., 436 P.2d 550 (1968); Smith v. Pacific Automobile Insurance Co., 240 Or. 167, 400 P.2d 512 (1965); Hack v. Great American Insurance Co., 175 So.2d 594 (Fla. App.1965); Sims v. Nat'l Cas. Co., 171 So.2d 399 (Fla.App.1965); Remsen v. Midway Liquors, Inc., 30 Ill.App.2d 132, 174 N.E.2d 7 (1961).

4. Hack v. Great American Insurance Co.; Sims v. Nat'l Cas. Co.; and Remsen v. Midway Liquors, all supra n. 3.

5. Smith v. Pacific Automobile Insurance Co., supra n. 3.

6. Supra n. 3.

7. Id., 436 P.2d at 551.

8. Ibid.

9. Cf. Smith v. Idaho Hospital Service, Inc., 89 Idaho 499, 406 P.2d 696 (1965); see generally 16 Couch, Insurance §§ 62:84; 62:26 (2d ed. 1966); 6 Appleman Insurance Law & Practice § 3901 (1942).