Submitted August 17, allowed November 16, 1972

CHALMERS ET UX, *Appellants, v.* OREGON
AUTOMOBILE INSURANCE COMPANY,
*Respondent.*

502 P2d 1378

450

On appellants' petition for allowance of attorney fees. Former opinion filed August 3, 1972, 262 Or 504, 500 P2d 258.

Alan M. Lee and Smith & Lee, Klamath Falls, for the petition.

TONGUE, J.

Plaintiffs' attorneys have filed a petition for allowance of attorney fees under ORS 743.114. That statute provides that in an action upon a policy of insurance in which plaintiffs' recovery exceeds the amount of any tender, a reasonable amount shall be allowed as attorney fees both on trial and on appeal.

Plaintiffs' petition states that "[t]he fee arrangement between the plaintiff-appellants and their attorneys was on a contingent fee based upon the allowance of attorney fees under statute on suits involving insurance contracts." Neither the percentage of the contingent fee arrangement nor any further details relating to that arrangement are stated.

Ordinarily, petitions for attorney fees are decided without opinion. In this case, however, the ques-

tions arising from plaintiff's petition are of more general interest and importance.

■ The purpose of ORS 743.114 allowing recovery of attorney fees by claimants under insurance policies is to encourage the settlement of such claims without litigation and to reimburse successful plaintiffs reasonably for moneys expended for attorney fees in suits to enforce insurance contracts. See *Travelers Insurance Company v. Davis,* 411 F2d 244, 247 (5th Cir 1969).

■ The fact that plaintiffs' attorneys in such a case are engaged on a contingent fee basis does not bar an allowance of attorney fees under ORS 743.114. Although contingent fees for attorneys have been criticized, they are expressly recognized by the Code of Professional Responsibility of the Oregon State Bar, DR 2-106B(8).[1]

In *Denley v. Oregon Auto Ins. Co.,* 151 Or 42, 47 P2d 245, 47 P2d 946 (1935), defendant objected to the allowance of any attorney fees to plaintiffs upon the ground that plaintiffs' attorneys had taken the prosecution of that case upon a contingent fee entitling them to a certain percentage of the money recovered in that action. We rejected that objection under the

---

[1] It has been stated that:

"The case for and against a contingent fee, if we disregard considerations of history and what may be called snobbery, may be briefly summarized. The contingent fee certainly increases the possibility that vexatious and unfounded suits will be brought. On the other hand, it makes possible the enforcement of legitimate claims which otherwise would be abandoned because of the poverty of the claimants. Of these two possibilities, the social advantage seems clearly on the side of the contingent fee. It may in fact be added by way of reply to the first objection that vexatious and unfounded suits have been brought by men who could and did pay substantial attorneys' fees for that purpose." Radin, Contingent Fees in California, 28 Cal L Rev 587, 589 (1940).

facts of that case and allowed $300 as attorney fees to plaintiffs on appeal to this court.

We have not previously decided, however, how the attorney fee awarded by the court in such a case is to be credited or distributed as between the attorney and his client, and how the total attorney fee, including both the fee allowed by the court and the contingent fee, is to be computed and distributed in such a case. Various alternatives are possible. For example, is the attorney entitled to retain the attorney fee allowed by the court, in addition to the contingent fee payable from the judgment?[2] Or is the fee allowed by the court to be credited to the client as an offset in computing how the proceeds of the judgment are to be distributed as between the client and his attorney?[3] Or is the fee allowed by the court to be added to the amount of the judgment in determining the total amount of recovery subject to the contingent fee percentage?[4] There may also be other possible alternatives.

■ Under the terms of ORS 743.114, awards of attorney fees are to be "taxed as part of the costs of the action and any appeal thereon." Costs are normally considered as belonging to the client, rather than to

---

[2] If so, and if the agreed contingent fee percentage is 33⅓%, and the judgment is for $10,000, and the court awarded an attorney fee of $2,000 under ORS 743.114, the attorney would be paid that $2,000 in addition to the contingent fee of $3,333, or a total of $5,333, while the client would receive $6,667.

[3] If so, under the same facts, the $2,000 awarded by the court would be credited to the client as an offset against the amount of the judgment. The attorney would still receive his contingent fee of $3,333, but the client would receive $8,667.

[4] If so, under the same facts, the $2,000 awarded by the court would be added to the $10,000 judgment, resulting in a total recovery of $12,000. The contingent fee of the attorney would be 33⅓% of that amount, or $4,000. The balance, or $8,000 would be payable to the client.

the attorney, because they normally represent amounts originally payable by the client. Although attorney fees awarded under ORS 743.114 may not strictly be considered as costs, this statutory provision is significant. See also *Bivvins v. Unger,* 263 Or 239, 501 P2d 1262 (1972).

Of more importance, however, is the fact that there would be an element of basic unfairness to a client who agrees to the payment of attorney fees on either a contingent, hourly, or other basis, in the belief that his attorney will look to such fees as the sole source of his compensation, if such a client were later to discover that, in addition to such fee, his attorney is to be paid an additional fee by the court.

■■ We agree that an attorney is free (subject to provisions of the Code of Professional Responsibility) to negotiate such terms as he and his client may agree upon with reference to the manner in which awards of attorney fees under ORS 743.114 may be considered in relation to the amount, source, and distribution of any contingent fees. In such an event, there is no element of surprise or other unfairness to the client. If, however, the contingent fee agreement makes no specific reference to any possible attorney fee which may be awarded by the court and makes no specific provision for the manner in which any such fee is to be considered in computing the amount, source, and manner of distribution of the contingent fee, we hold that any attorney fee awarded by the court shall be offset as a credit or deduction from the amount of the agreed contingent fee, as computed upon the basis of the amount of the judgment. As a result, if the attorney fee awarded by the court is larger than the contingent fee payable from the judgment, the attorney's compensa-

tion would be payable solely from the attorney fee awarded by the court and the entire amount of the judgment would be payable to the client.

In this case we are not critical of counsel in this regard, because we have not previously spoken on this subject. Nevertheless, it does not appear whether or not this contingent fee agreement satisfied these requirements. If so, the attorney fees awarded by the court and the contingent fee agreed upon shall be distributed accordingly. If not, such fees shall be distributed in accordance with this opinion.[9]

As for the amount of the attorney fee to be allowed to plaintiffs on the appeal of this case, plaintiffs' attorneys request an award of $1,628 as a reasonable attorney fee, based upon their statement that they devoted 40.7 hours to this appeal and that $40 per hour is a reasonable charge for their services. We do not disregard that statement.

■ For the purpose of determining what is a reasonable attorney fee in the appeal of a case to this court, however, we must attempt to ascertain the reasonable value of such services, based not only upon the amount of time required, but also such additional factors as the novelty and difficulty of the question involved, the amount involved and the result obtained, among other factors. See Code of Professional Responsibility DR 2-106 and 3 Appleman, Insurance Law and

---

[9] We do not undertake to decide in this case the question whether, before determining the amount of an attorney fee to be awarded under ORS 743.114, the court should first require some statement by plaintiff's counsel relating to the fee agreement with his client. We do not disapprove, however, of what we understand to be the practice of at least some trial courts in property condemnation cases to require the assurance of counsel that the attorney fee awarded by the court in such cases will be the sole and only compensation to be received by the attorney.

Practice (1967) 424, § 1646. In addition, in determining the amount of a reasonable attorney fee in a case on appeal to this court, we consider the extent to which the written brief and oral argument by counsel has been of assistance to this court in reaching a decision.

■ We do not encourage lengthy briefs and the citation of numerous cases and authorities (particularly when not in point). We do, however, encourage the filing of carefully prepared briefs, supported by such available cases and authorities as are in point, without becoming cumulative. Such briefs are necessarily of great value to this court in the disposition of its increasingly heavy case load. Attorneys who prepare such briefs should also be fairly and adequately compensated in cases in which statutes or contract provisions provide for the award of attorney fees to the prevailing party.

■ We thus return to the facts of this case. The value of the property for which recovery was claimed and allowed was $1,195.88. There was no transcript of testimony, the case having been submitted on a two-page stipulation of facts. The legal questions involved, while novel, were not of great difficulty. The opening brief filed by plaintiffs' attorneys was four and one-half pages in length and cited six cases and authorities, none of which was controlling in the disposition of the case. No reply brief was filed to discuss respondent's arguments or to distinguish the cases and authorities cited by respondent.

Under these circumstances, we hold that $750 is a reasonable attorney fee to be allowed under ORS 743.114 to plaintiffs' attorneys on appeal of this case, in addition to such reasonable attorney fee as may be allowed by the trial court for the trial of this case.