Argued February 9, reversed in part March 1, 1973

## GORE, *Respondent, v.* THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, *Appellant.*

507 P2d 20

*Frank H. Lagesen,* Portland, argued the cause for appellant. With him on the briefs were Cosgrave & Kester, Portland.

*Nels Peterson,* Portland, argued the cause for respondent. With him on the brief were Peterson, Chaivoe & Peterson, Portland.

## HOLMAN, J.

This was an action for the proceeds of a life insurance policy and for attorney fees. The trial was had before the court without a jury and judgment was awarded to plaintiff for both the proceeds of the policy and attorney fees. Defendant appealed only from the award of attorney fees.

Defendant insured the life of Harry W. Gore. At the time of the insured's death, the primary beneficiary named in the policy was "Myrl B. Gore, wife," the present plaintiff. However, she was not the wife of the insured at the time of his death because they had been divorced. The secondary beneficiaries were the insured's two children.

Plaintiff made demand upon defendant for the entire proceeds of the policy, as did the two children. Subsequently, an independent action was brought against defendant on each claim. Defendant at no time denied that it was liable on the policy. It filed an answer in the present case, stating that a second claim had been made against it for the proceeds of the policy, that it had no beneficial interest in the proceeds of the policy, that it was uncertain to whom the proceeds belonged, and that it was willing to deliver the proceeds to such person as the court might direct, such proceeds to be held during the pendency of the actions. The defendant then requested the court to consolidate the two actions and to require the plaintiffs to interplead and litigate who was entitled to the proceeds.

Plaintiff filed a motion to strike defendant's request for interpleader, but the trial court denied the motion. Thereafter, the claimants and the defendant stipulated to the entry of the following order of the trial court:

"(1) Defendant Prudential Insurance Company of America shall deposit with the registry of this Court the proceeds of insurance policy No. 32215946 in the amount of $6,963.10, such proceeds being the subject matter of the dispute between the plaintiffs in the above captioned cases.

"(2) The above captioned cases are consolidated for purposes of trial and determination of the person or persons lawfully entitled to the proceeds of the above policy of insurance."

Pursuant to the order, defendant paid the specified amount into court to await the outcome of the trial of the two consolidated cases.

Plaintiff won and the two children lost. The court entered a judgment in favor of plaintiff for an amount

which was approximately $170 more than the sum defendant had paid into court pursuant to the stipulation. Apparently, the difference was in the computation of interest.

The sole question on appeal is the application of ORS 743.114 to the facts of this case. The statute reads:

"If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

In *Heis v. Allstate Insurance Co.*, 248 Or 636, 436 P2d 550 (1968), we stated:

"* * * The policy behind the statute is to encourage the settlement of claims and to discourage the unreasonable rejection of claims by insurers. If the insurer, in rejecting a claim or in tendering less than is claimed, relies upon a mistaken theory of its legal liability, the plaintiff is entitled to a reasonable attorney's fee if he recovers more than the tender." (Footnote omitted.) 248 Or at 643-44.

In *Chalmers v. Oregon Auto. Ins. Co.*, 263 Or 449, 502 P2d 1378 (1972), we also stated:

"The purpose of ORS 743.114 allowing recovery of attorney fees by claimants under insurance policies is to encourage the settlement of such claims without litigation and to reimburse successful plaintiffs reasonably for moneys expended for attorney fees in suits to enforce insurance contracts * * *." 263 Or at 452.

■ When faced with the initial situation, defend-

ant's three possible courses of action were: (1) file a suit in interpleader, naming the claimants as defendants and paying the proceeds into court; (2) do what it did—wait until it was sued on the claims and then pay the money into court pursuant to interpleader or consolidation; or (3) pay one of the claimants and take its chances on defending the claim of the other. Numbers 1 and 2 are not substantially different and, to be consistent, if plaintiff is entitled to attorney fees in one of these two situations, she would be entitled to attorney fees in the other. It is our belief that the legislature did not intend, by the passage of the statute, to place the insurance company in a position where it either had to pay one claimant or the other, running the risk of double recovery, or was compelled to pay attorney fees. We cannot impute such an unreasonable intention to the legislature.

■■ It appears to us that the circumstances envisaged by the statute are those where the insurer is contending it has no liability under the policy. We believe the statute was not intended to apply to any situation where an insurance company, as an innocent stakeholder, is willing to pay policy proceeds to whomever they might belong. *See Equitable Life Assurance Society v. Hughes,* 152 F Supp 187, 195-96 (1957); *North British & M. Ins. Co. v. Equitable Bldg. & L. Ass'n.,* DDC 47 SW2d 797, 185 Ark 476 (1932); *Equitable Life Assurance Society v. Nichols,* 84 So 2d 500 (Fla 1956); 3 Appleman, Insurance Law and Practice § 1618, at 393; 16 Couch on Insurance 2d § 58:185, at 112.

■ Plaintiff contends that defendant was not placed in a position of uncertainty regarding whom to pay because this court previously had decided in a similar

situation that the person occupying her position is entitled to the proceeds of the insurance policy. *Land v. West Coast Life Ins. Co.,* 201 Or 397, 270 P2d 154 (1954). The insured's children contended that the facts of the present case are sufficiently different from those in *Land* to justify a different result. Even in an identical fact situation, if there are two bona fide claimants, we do not believe the legislature contemplated an insurer having to take its chances that the case law of 1954 would prevail in 1972. Appellate courts (this one included) have been known to change directions in much less time than 18 years.

Plaintiff also contends that the following language in *Hardware Mut. Cas. v. Farmers Ins.,* 256 Or 599, 474 P2d 316 (1970), is dispositive of this case:

"* * * Recovery of attorney fees under our statute is not defeated by the insurer's good faith in failing to settle. The statute is compensatory, not penal * * *." 256 Or at 612.

Although defendant refused to settle with plaintiff, it did not refuse to pay the proceeds of the policy to whomever they might belong. In the cited case, the insurer was contending that it was not responsible to anyone under the policy. The court in *Hardware* was merely saying that, in such a situation, a determination of whether there are reasonable grounds to contest coverage is not decisive of the insured's right to recover attorney fees.

■ Plaintiff contends defendant is not merely an innocent stakeholder since it did not tender into court a sufficient amount of money to cover the judgment which the court subsequently awarded. We consider this contention to be an insignificant afterthought and to represent a position which the plaintiff may not

take because of the terms of the court's order to which it stipulated at the time defendant paid the money into court.

That part of the judgment of the trial court awarding attorney fees against defendant is reversed.