Argued and submitted November 14, 1997, reversed and remanded January 21, petition for review denied June 16, 1998 (327 Or 305)

Lily L. DOUGLASS,
*Appellant,*

*v.*

ALLSTATE INSURANCE COMPANY,
*Respondent.*

(9604-03025; CA A95614)

953 P2d 770

John D. Ostrander argued the cause for appellant. With him on the briefs were Robert E. L. Bonaparte and

Bonaparte, Elliott, Ostrander & Preston, P.C., and Michael J. Knapp and Myers & Knapp.

R. Daniel Lindahl argued the cause for respondent. With him on the brief were Jeffrey S. Eden and Bullivant, Houser, Bailey, Pendergrass & Hoffman, P.C.

Before De Muniz, Presiding Judge, and Haselton and Linder, Judges.

HASELTON, J.

## HASELTON, J.

Plaintiff appeals, assigning error to the court's denial of attorney fees in an action against defendant insurer for nonpayment of uninsured motorist (UM) benefits. Plaintiff asserts that: (1) she is entitled to attorney fees, because her recovery exceeded the amount of the insurer's tender, ORS 742.061; and (2) her participation in mandatory court-annexed arbitration did not constitute an "elect[ion] to arbitrate," which would preclude any award of fees. ORS 742.504(10). We agree with plaintiff in both respects and, consequently, reverse and remand.

In June 1995, plaintiff was injured in an accident with an uninsured motorist while riding in a car insured by defendant. Plaintiff submitted a claim under the policy's UM provisions, and defendant, although not disputing coverage, disputed the amount of plaintiff's noneconomic damages. Ultimately, defendant rejected plaintiff's claim without any tender of payment.

Plaintiff elected to forgo "permissive" UM arbitration under ORS 742.504(10).[1] Instead, in April 1996, she filed an action in Multnomah County Circuit Court, alleging breach of the insurance policy. Because the amount of plaintiff's prayer was less than $50,000, the dispute was submitted to mandatory court-annexed arbitration pursuant to ORS 36.400 *et seq*, and UTCR chapter 13.

The arbitrator awarded plaintiff damages of $4,000 but refused to award plaintiff attorney fees under ORS 742.061. Plaintiff filed exceptions to the arbitrator's denial of fees, ORS 36.425(6), and the circuit court denied those exceptions.

On appeal, plaintiff first argues that, because her recovery ($4,000) exceeded defendant's tender ($0), she is

---

[1] The text of ORS 742.504(10) is set out below. 152 Or App at 221-22. In *Lind v. Allstate Ins. Co.*, 134 Or App 395, 402, 895 P2d 327, *adhered to as modified* 136 Or App 532, 902 P2d 603, *rev den* 322 Or 362 (1995), we explained that the "arbitration procedure established in ORS 742.504(10) is initially permissive for the demanding party, but is mandatory for the nondemanding party."

entitled to attorney fees under ORS 742.061. That statute provides, in part:

> "If settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought in any court of this state upon any policy of insurance of any kind or nature, and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

The statutory text is unambiguous: If "the plaintiff's recovery exceeds the amount of any tender made by the defendant," the plaintiff is entitled to reasonable attorney fees. Nothing in the statutory context of ORS 742.061 qualifies that plain meaning. *See generally PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993).

■    Defendant argues, nevertheless, that decisions of the Oregon Supreme Court applying ORS 742.061 indicate that that statute is limited to *coverage* disputes. We disagree.

The original antecedent to ORS 742.061 was enacted in 1919.[2] Rather remarkably, no reported decision in the ensuing nearly 80 years has resolved the question presented here: Where coverage is not disputed, and the insured's recovery exceeds the insurer's tender, is the insured entitled to fees under ORS 742.061? Defendant asserts, however, that language in three Supreme Court decisions supports its view that the statute pertains only to coverage disputes.

In *Heis v. Allstate Insurance Co.*, 248 Or 636, 436 P2d 550 (1968), the court reversed the trial court's denial of attorney fees under the then extant-version of ORS 742.061. The trial court denied attorney fees on the ground that the plaintiff had failed to file with the insurer a "proof of loss" sufficient to trigger the attorney fees statute. In particular, the defendant asserted, and the trial court agreed, that, under the fee statute, the insurer was "entitled to receive a proof of loss and make a tender based upon its theory of the case." *Id.* at 643. Before addressing the particulars of that argument, the Supreme Court observed:

---

[2] Or Laws 1919, ch 110.

"The policy behind the statute is to encourage the settlement of claims and to discourage the unreasonable rejection of claims by insurers. If the insurer, in rejecting a claim or in tendering less than is claimed, *relies upon a mistaken theory of its legal liability*, the plaintiff is entitled to a reasonable attorney's fee if he recovers more than the tender." *Id.* at 643-44 (emphasis supplied; footnote omitted).

The court then proceeded to address, and reject in detail, the defendant's particular argument as to the alleged inadequacy of the plaintiff's proof of loss. *Id.* at 644-45.

Defendant contends that the emphasized "relies upon a mistaken theory of its legal liability" language evinces the Supreme Court's belief that attorney fees are available only in coverage disputes. We disagree. The reference to "legal liability" is ambiguous. Even more to the point, when viewed in the complete context of *Heis'* attorney fee analysis, the discussion of the statute's purpose, including the emphasized language, is *dictum. See SAIF v. Allen*, 320 Or 192, 204, 881 P2d 773 (1994) ("[T]his court has declined to apply the doctrine of *stare decisis* to *dictum* in earlier statutory construction cases.") (citing cases).

Defendant's reliance on *Chalmers v. Oregon Auto. Ins. Co.*, 263 Or 449, 502 P2d 1378 (1972), is similarly unavailing. That case addresses the enforceability and effect of a contingency fee arrangement on the plaintiff's entitlement to attorney fees under ORS 743.114. As in *Heis*, the court began with a general and preliminary description of the purpose of ORS 743.114:

"The purpose of ORS 743.114 allowing recovery of attorney fees by claimants under insurance policies is to encourage the settlement of such claims without litigation and to reimburse successful plaintiffs reasonably for moneys expended for attorney fees in suits *to enforce insurance contracts*." 263 Or at 452 (emphasis supplied).

Again, as with *Heis*, defendant seizes on the emphasized language as somehow demonstrating that the statute is limited to coverage disputes. However, nothing in the balance of the opinion suggests such a precise reading of such generic language—and, indeed, nothing in the balance of the opinion

even refers to that preliminary description of the statute's purpose. Even if the emphasized language could be read only as defendant urges—a highly debatable proposition—it is unabashed *dictum*.

Finally, *Gore v. Prudential Ins. Co. of Amer.*, 265 Or 12, 507 P2d 20 (1973), is also inapposite. That case concerned entitlement to fees under ORS 743.114 in an interpleader action. There, the defendant life insurer did not dispute liability and "was willing to deliver the proceeds to such person as the court might direct." *Id.* at 14. After quoting *Heis* and *Chalmers*, the court concluded that the statute "was not intended to apply to any situation where an insurance company, as an innocent stakeholder, is willing to pay policy proceeds to whomever they might belong." *Id.* at 16. Thus, the defendant insurer in *Gore* effectively tendered the full amount of the policy and did not affirmatively dispute the plaintiff's entitlement to a complete recovery, if the plaintiff was, in fact, the proper beneficiary. Nothing in *Gore* suggests that ORS 742.061 does not apply where the insurer does dispute an insured's entitlement to a complete recovery and the insured's ultimate recovery exceeds the insurer's tender.

In sum, none of the cases defendant invokes limits or overrides the unambiguous directive of ORS 742.061. Consequently, plaintiff is entitled to attorney fees under ORS 742.061 unless some other statute precludes an award of fees.

■ Defendant argues that ORS 742.504(10) has just such a preclusive effect. That statute, which pertains solely to UM disputes, provides:

"If any person making claim hereunder and the insurer do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured vehicle because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this coverage, then, *in the event the insured or the insurer elects to settle the matter by arbitration*, the arbitation shall take place under the arbitration laws of the State of Oregon and any judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof provided, however, the costs to the insured of the arbitration proceeding shall not exceed $100 *and that all other costs of*

*arbitration shall be borne by the insurer. 'Costs' as used in this provision shall not include attorney fees or expenses incurred in the production of evidence or witnesses or the making of transcripts of the arbitration proceedings.* Such person and the insurer each agree to consider themselves bound and to be bound by any award made by the arbitrators pursuant to this coverage in the event of such election. At the election of the insured, such arbitration shall be held:

"(a)   In the county and state of residence of the insured;

"(b)   In the county and state where the insured's cause of action against the uninsured motorist arose; or

"(c)   At any other place mutually agreed upon by the insured and the insurer." (Emphasis supplied.)

Defendant asserts that plaintiff, by choosing to litigate her claim in circuit court—which necessarily involved court-annexed arbitration—"elect[ed] to settle the matter by arbitration." Consequently, defendant reasons, plaintiff could not recover her fees.

■        Defendant's argument fails for several reasons. First, ORS 742.504(10) describes a particular type of arbitration—*i.e.*, arbitration that is pursued *in lieu of* litigation. *See Lind v. Allstate Ins. Co.*, 134 Or App 395, 895 P2d 327, *adhered to as modified* 136 Or App 532, 902 P2d 603, *rev den* 322 Or 362 (1995). Indeed, ORS 742.504(10) was enacted in 1967,[3] long before the proliferation of mandatory court-annexed arbitration in Oregon. Nor can inclusion of mandatory court-annexed arbitration be squared with the statute's "elects" language—here, plaintiff did not "elect" to pursue arbitration; rather, she was compelled to participate in arbitration as a consequence of her choice to pursue litigation. *See Foles v. U.S. Fidelity & Guaranty*, 259 Or 337, 347, 486 P2d 537 (1971) ("It is apparent from the wording of [ORS 742.504(10)] that selection of the remedy of arbitration is not mandatory but is optional, and that the statute has no application to a situation where arbitration is not elected.").

We note, finally, that defendant's construction of ORS 742.504(10) would effectively nullify ORS 742.061 in all

---

[3] Or Laws 1967, ch 482, § 3.

UM cases in which the amount at issue is less than $50,000, the "ceiling" for court-annexed arbitration. That is, in every such UM dispute, the insured who does not wish to accept the insurer's tender (if any) has only two options: (1) Pursuing "permissive" UM arbitration under ORS 742.504(10); or (2) pursuing litigation and, in so doing, being compelled to participate in court-annexed arbitration. Under either scenario, in defendant's view, the insured has "elect[ed] to settle the matter by arbitration" and, thus, would be precluded from recovering fees. Nothing in either ORS 742.061 or ORS 742.504(10) suggests that the latter was intended to so eviscerate the former.

■   ORS 742.504(10) does not preclude plaintiff's recovery of attorney fees. Accordingly, the court erred in failing to award plaintiff reasonable attorney fees.

Reversed and remanded.