IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

GREGORY T. LAUER,            )
                            )
        Plaintiff,          )    TC-MD 200253N
                            )
    v.                      )
                            )
GRANT COUNTY ASSESSOR,      )
                            )
        Defendant.          )    **DECISION OF DISMISSAL**

Plaintiff appealed the assessment of property identified as Account 6273 (subject property) for the 2017-18 through 2019-20 tax years. (Compl at 1; Ptf's Resp at 2 (correcting years at issue).) He argued that the assessments were in error because "property listed is legally exempt from taxation as of May 31, 2017," and requested "cancellation of any and all property taxes and interest as of May 31, 2017." (Compl at 1.) Defendant moved to dismiss Plaintiff's Complaint and requested a frivolous appeal penalty under ORS 305.437 and attorney fees under ORS 20.105. (Mot to Dismiss at 1.) In an Order Granting Defendant's Motion to Dismiss, entered December 1, 2020, the court granted Defendant's motion to dismiss and imposed a penalty of $500 under ORS 305.437. The court declined to award attorney fees under ORS 20.105 citing a question about its authority to do so but permitted Defendant to file supplemental briefing on the question.

Plaintiff filed a Motion for Reconsideration on December 10, 2020, and Defendant filed its supplemental brief on attorney fees on December 15, 2020. In an Order entered February 3, 2021, the court denied Plaintiff's Motion for Reconsideration and granted Defendant's request for attorney fees under ORS 20.105. Defendant filed its Statement for Attorney Fees, Costs, and Disbursements on February 17, 2021. Also on February 17, Plaintiff filed a Motion to Apply

Oregon Law and Response Re: Availability of Attorney Fees (motion). Most of Plaintiff's motion concerns arguments addressed in the court's Order Granting Defendant's Motion to Dismiss; for example, Plaintiff continues to assert that the subject property is exempt from taxation and that Oregon lacks the authority to tax the subject property. (Mot at 3-4.) Plaintiff also argues that the Magistrate Division lacks authority to award attorney fees. (*Id.* at 5-6.) That was the question addressed in the court's Order, entered February 3, 2021. Thus, the court construes that part of Plaintiff's motion as seeking reconsideration of the court's Order. Plaintiff's arguments on reconsideration reiterate arguments addressed in the court's Order, so the court finds no basis for reconsideration.[1] The sole issue remaining for decision is the amount of attorney fees to award under ORS 20.105(1).

A.      *Defendant's Statement for Attorney Fees, Costs, and Disbursements*

Defendant requests attorney fees of $4,294 based on 26.8 hours of work performed by three attorneys and a "summer associate/law clerk" at the following billing rates:

| Name | Oregon State Bar (OSB) admission[2] | Billing rate |
|---|---|---|
| Dominic M. Carollo | 2009 | $220/hour |
| Audrey Boyer | 2010 | $160/hour |
| Matthew D. Query | 2017 | $160/hour |
| Nolan Smith | N/A | $85/hour |

(Def's Statement at 3.)

/ / /

---

[1] A motion for reconsideration "should state specific grounds and the authority on which counsel relies and must be based on one or more of these contentions: (1) A claim of factual error in the opinion or order; (2) A claim of error in the designation of the prevailing party or award of costs; (3) A claim that there has been a change in the applicable statutes or case law since the court's opinion or order; or (4) A claim that the court erred in construing or applying the law. Claims addressing legal issues already argued in the parties' briefs and addressed by the court are disfavored." Tax Court Rule 80 A.

[2] The court takes judicial notice of when each attorney was admitted to the OSB. *See Seneca Sustainable Energy, LLC v. Dept. of Rev.*, TC 5193, 2018 WL 1831105 at *14 (Or Tax, 2018). The attorneys may have relevant experience not reflected by the date of admission to the OSB, but the court did not receive any such evidence.

B.      *Analysis of "Reasonable Attorney Fee" Award under ORS 20.105(1)*

ORS 20.105(1) requires the court to award "reasonable attorney fees" to a prevailing party when, as here, the opposing party lacked an "objectively reasonable basis" for his claim, defense, or ground for appeal. Having granted Defendant's motion for attorney fees based on Plaintiff's claims, each of which lacked an objectively reasonable basis, the court must determine the amount of reasonable attorney fees. ORS 20.075(2)[3] requires the court to consider the factors listed in subparts (1) and (2) of that statute. "What constitutes reasonable attorney fees is within the sound discretion of the court ordering the fee award." *Friends of the Columbia Gorge v. Energy Facility Siting Council*, 367 Or 258, 267, 477 P3d 1191 (2020) (citing ORS 20.075(3) (the decision of the court as to the amount of the award is reviewed for abuse of discretion)).

1.      *Application of ORS 20.075(1) factors*

The ORS 20.075(1) factors are:

"(a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.

"(b) The objective reasonableness of the claims and defenses asserted by the parties.

"(c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.

---

[3] ORS 20.075(2) states that "[a] court shall consider the factors specified in subsection (1) of this section in determining the amount of an award of attorney fees in any case in which an award of attorney fees is authorized or required by statute. *In addition*, the court shall consider the following factors in determining the amount of an award of attorney fees in those cases[.]" (Emphasis added.) *See also Friends of the Columbia Gorge v. Energy Facility Siting Council*, 367 Or 258, 477 P3d 1191 (2020) ("In determining a reasonable amount of fees to award 'in any case in which an award of attorney fees is authorized or required by statute,' ORS 20.075(2) requires the court to 'consider the factors in subsection (1) of this section'—the factors used to determine whether to award discretionary fees in the first place—as well as other statutory factors contained in subsection (2)"; *Ellison v. Dept. of Rev.*, 362 Or 148, 158, 404 P3d 933 (2017) (stating that "the court must consider the same factors [in ORS 20.075(1)] plus the additional factors found in subsection (2) of that statute, to determine the amount of the award"); *Fuqua v. Dept. of Rev.*, TC 5345, 2019 WL 2067544 at *6-7 (May 7, 2019) (considering all the factors in ORS 20.075(1) and (2) upon a determination that taxpayer's claim was objectively unreasonable).

"(d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.

"(e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.

"(f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.

"(g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.

"(h) Such other factors as the court may consider appropriate under the circumstances of the case."

"The factors under ORS 20.075(1) relate generally to the parties' conduct and the potential deterrent effect of an award." *Fuqua v. Dept. of Rev.*, TC 5345, 2019 WL 2067544 at *7 (May 7, 2019). With respect to the first factor, the court finds no evidence that Defendant engaged in any conduct to bring about the litigation that was "reckless, willful, malicious, in bad faith or illegal." Plaintiff's Complaint and attachments includes a tax statement for the subject property and numerous letters that he sent to Defendant making arguments that the court has found to be baseless. With respect to the second factor, the court has found Plaintiff's claims lack an objectively reasonable basis and further concludes that Defendant's defenses were reasonable. With respect to the third and fourth factors, an award of attorney fees serves to deter claims – such as Plaintiff's – that lack an objectively reasonable basis. The award does not deter good faith claims or defenses. With respect to the fifth factor, the court finds Defendant's conduct during these proceedings has been reasonable whereas Plaintiff has continued to assert baseless claims even after receiving the court's Order Granting Defendant's Motion to Dismiss. The sixth and seventh factors are inapplicable here. The eighth factor invites consideration of

any other factors the court finds relevant. Here, there are none.

2. *Application of ORS 20.075(2) factors*

The ORS 20.075(2) factors are:

"(a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.

"(b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.

"(c) The fee customarily charged in the locality for similar legal services.

"(d) The amount involved in the controversy and the results obtained.

"(e) The time limitations imposed by the client or the circumstances of the case.

"(f) The nature and length of the attorney's professional relationship with the client.

"(g) The experience, reputation and ability of the attorney performing the services.

"(h) Whether the fee of the attorney is fixed or contingent."

The factors under ORS 20.075(2) "generally relate to the reasonableness of the particular fee amount according to various metrics and comparisons." *Fuqua*, 2019 WL 2067544 at *9. Plaintiff did not specifically object to the amount of attorney fees requested by Defendant and the court lacks evidence on several of the subpart (2) factors; specifically, the second, fifth, sixth, and seventh factors.

The first factor concerns the time and labor required, the novelty or difficulty of questions presented, and the skill needed to properly perform the legal services. Plaintiff's substantive claims for exemption were not novel or difficult, but rather involved well-settled

principles of taxation. The attorney fee issue was novel for the Magistrate Division.

Defendant's counsel spent 5.2 hours drafting its four-page motion to dismiss[4], 4.2 hours drafting its four-page reply brief, 8.7 hours drafting its three-page supplemental brief on attorney fees, and 4.9 hours drafting its four-page fee statement.[5] The court finds that the time spent on the motion to dismiss and reply was reasonable, as were the charges relating to hearings, reviewing court orders, and communicating with the client.

With regard to the fees charged for pursuing the claim for attorney fees, the court may award so called "fees on fees" and preliminarily concludes that Defendant may recover fees associated with preparing its Statement for Attorney Fees, Costs, and Disbursements. *See Hoggard v. Dept. of Rev.,* TC 5336, 2019 WL 6716175 at *4 (Or Tax, Dec 10, 2019) (citing *Seneca Sustainable Energy, LLC III v. Dept. of Rev.*, 23 OTR 22, 56 (Apr 6, 2018)). However, the court questions the amount of time spent on the supplemental brief on attorney fees, particularly in light of its quality and utility to the court. *See Chalmers v. Oregon Auto. Ins. Co.*, 263 Or 449, 456, 502 P2d 1378 (1972) ("in determining the amount of a reasonable attorney fee in a case on appeal to this court, we consider the extent to which the written brief and oral argument by counsel has been of assistance to this court in reaching a decision"). Although the

/ / /

/ / /

/ / /

/ / /

/ / /

---

[4] Of that amount, 3.2 hours were attributable to Defendant's summer associate and billed accordingly.

[5] Additional time was spent preparing for and participating in the court's case management conference, reading documents filed in the case, and updating Defendant on developments in the case.

briefing concerned an unsettled legal question,[6] the brief cited to only three cases,[7] two of which were previously identified by the court in its Order Granting Defendant's Motion to Dismiss. (*See* Or at 9.)  Ultimately, the court made its own independent analysis of ORS 20.105 under the framework of *State v. Gaines*, 346 Or 160, 170-72, 206 P3d 1042 (2009).  For those reasons, the court finds that four hours was a reasonable amount of time to spend on the supplemental brief.

With respect to the third factor, the court finds Defendant's rates reasonable considering typical rates for attorneys in Southern and Eastern Oregon.[8]  The court finds the following rates relevant:[9]

| | Mean | Median | 7-9 yrs mean | 7-9 yrs median | 13-15 yrs mean | 13-15 yrs median | Tax mean | Tax median |
|---|---|---|---|---|---|---|---|---|
| **Southern** | $232 | $245 | $228 | $240 | $247 | $250 | $243 | $250 |
| **Eastern** | $255 | $250 | $228 | $225 | N/A | N/A | $242 | $250 |

Defendant's rates of $160 or $220 per hour for its attorneys are within or below the typical range for attorneys in Southern and Eastern Oregon, taking account of years practicing in Oregon and the subject matter involved.  With respect to the fourth factor, the amount in controversy was at least $4,866.09 as of June 15, 2019, slightly more than the amount of fees that Defendant

---

[6] As the court explained in its Order Granting Defendant's Motion to Dismiss, the Magistrate Division has not historically awarded attorney fees; indeed, the court is not aware of any prior award of attorney fees by a magistrate.  (Or at 9.)  One Magistrate Division case concluded that the Magistrate Division lacked authority to award fees under ORS 20.105, while a subsequent case concluded that it could award fees but declined to do so because the statutory standard was not satisfied.  *Compare Ellibee v. Dept. of Rev.*, 020026D, 2003 WL 21241328 (Or Tax M Div, Apr 31, 2003) *with Hill v. Dept. of Rev.*, TC-MD 180191G, 2019 WL 80483 (Or Tax M Div, Jan 2, 2019).

[7] Defendant cited *Hill*, which supported its request for attorney fees, and *Ellibee*, which did not.

[8] The court has "discretion to take notice of and consider the OSB Economic Survey information * * * to the extent that it is relevant and helpful to ascertain a reasonable hourly billing rate under [ORS 20.075(2)(c))]." *Seneca Sustainable Energy,* 2018 WL 1831105 at *15.  The court takes notice of the OSB's 2017 Economic Survey available at: https://www.osbar.org/_docs/resources/Econsurveys/17EconomicSurvey.pdf.  Defendant's counsel is located in Southern Oregon whereas Defendant is located in Eastern Oregon.

[9] The survey did not include rates for 0-6 years and 10-12 years practice experience for Southern or Eastern Oregon.

incurred of $4,294. (*See* Compl at 3.) Defendant's fees are reasonable in light of the amount of taxes owed. Finally, with respect to the eighth factor, Defendant's fees were fixed rather than contingent. That factor has no bearing on this analysis.

### 3. *Attorney fee conclusion*

The court concludes that, with the exception of the supplemental briefing on attorney fees, Defendant's fees were reasonable based on the factors in ORS 20.075(1) and (2). The court reduces the time associated with briefing whether the Magistrate Division has authority to award attorney fees under ORS 20.105(1) to $700[10] resulting in a total award to Defendant of attorney fees in the amount of $3,488.

### C. *Conclusion*

Upon careful consideration and based on the reasoning set forth in the Order Granting Defendant's Motion to Dismiss, the court dismisses Plaintiff's Complaint and imposes a penalty of $500 under ORS 305.437. The court further denies Plaintiff's requests for reconsideration and awards Defendant attorney fees of $3,488 under ORS 20.105(1). Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiffs' Complaint is dismissed.

IT IS FURTHER DECIDED that a penalty of $500 is imposed on Plaintiff under ORS 305.437.

/ / /

/ / /

/ / /

/ / /

---

[10] The $700 amount is derived by allocating three hours of time spent at the $160 rate and one hour spent at the $220 rate.

IT IS FURTHER DECIDED that Defendant is awarded attorney fees of $3,488 under ORS 20.105(1).

Dated this _____ day of March 2021.

                                                _____

                                                ALLISON R. BOOMER
                                                PRESIDING MAGISTRATE

***If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.***

***Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed.  TCR-MD 19 B.***

***Some appeal deadlines were extended in response to the Covid-19 emergency. Additional information is available at <u>https://www.courts.oregon.gov/courts/tax</u>***

***This document was signed by Presiding Magistrate Allison R. Boomer and entered on March 17, 2021.***