870 P.2d 749

Melissa **BRUCH**, Plaintiff–Appellant,

v.

**CNA INSURANCE COMPANY,**
**Defendant–Appellee.**

**No. 20432.**

Supreme Court of New Mexico.

Feb. 23, 1994.

Houston Ross, Albuquerque, for plaintiff-appellant.

Hatch, Allen & Shepherd, P.A., Kimberly A. Franklin, Albuquerque, for defendant-appellee.

## OPINION

RANSOM, Justice.

Melissa Bruch appeals from the refusal of the trial court to confirm an arbitration award made in her favor and from the court's grant of a trial de novo to CNA Insurance Company. The insurance policy that Bruch had with CNA gave the insurer the right to request a trial de novo if the arbitration award exceeded "the minimum limit for bodily injury liability specified by financial responsibility law." We affirm.

*Facts and proceedings.* On January 25, 1990, Melissa Bruch and her son Jonathan suffered personal injuries in an automobile accident with an uninsured motorist. Bruch filed a claim with CNA for uninsured motorist benefits. Pursuant to her policy's uninsured motorist provisions, the parties submitted the claim to arbitration. On November 1, 1991, a panel of three arbitrators awarded Bruch $90,000 plus costs and awarded Jonathan $9,216.50. CNA paid the amount awarded to Jonathan and the costs, and those awards are not contested on appeal.

On November 27, Bruch filed a motion in the district court to confirm the arbitration award. CNA filed a response to the motion and demanded a trial de novo. CNA based its demand on a clause in the contract that reads:

A decision agreed to by two of the [three] arbitrators will be binding as to ... [t]he amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which "your covered auto" is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial.

The minimum limit for mandatory bodily injury liability insurance in New Mexico is $25,000, *see* NMSA 1978, §§ 66–5–215 & –301 (Repl.Pamp.1989); *accord* §§ 66–5–205 & –208, and CNA argued that because the arbitration award exceeded that amount it was entitled under the contract to a jury trial. The trial court agreed and entered an order in which it denied Bruch's motion to confirm the award and granted CNA's request for a jury trial.

■ *CNA properly preserved the issue of whether the trial court could vacate the award.* On appeal, CNA contends that the trial court properly vacated the arbitration award under NMSA 1978, Section 44–7–12(A)(5) of the Uniform Arbitration Act, NMSA 1978, §§ 44–7–1 to –22. Bruch argues that CNA has not properly preserved this issue for appeal because it did not raise or argue Section 44–7–12(A)(5) to the trial court or at the arbitration. Section 44–7–12(A)(5) allows the trial court to vacate an arbitration award if there was no arbitration agreement, provided that there was no adverse determination regarding the existence of the agreement and that the party contesting the award did not participate in arbitration without objection. The problem with Bruch's argument is that, as appellee, CNA has no duty to preserve the issue; CNA is not claiming that the trial court erred. CNA may argue any grounds for affirmance on appeal and this Court will uphold the trial court's decision if it is legally mandated, regardless of whether the court's rationale was wrong. *See Jaramillo v. Jaramillo,* 113 N.M. 57, 62, 823 P.2d 299, 304 (1991).

Further, we believe that the issue was considered by the trial court. The purpose of the preservation rule is to alert the trial court of the issue and to give the trial court the opportunity to rule on the matter. *See Lovato v. Hicks,* 74 N.M. 733, 736, 398 P.2d 59, 61–62 (1965). In this case, Bruch's coun-

sel argued to the trial court that it could not amend or vacate the arbitration award unless one of the conditions of Section 44–7–12 was met. CNA's counsel responded that the parties did not have an agreement to bind themselves to an arbitration award that was greater than the statutory minimum for bodily injury liability. The arguments made by the parties sufficiently alerted the trial court to the question whether a binding arbitration agreement existed between the parties.

■ *The clause allowing for a trial de novo does not violate public policy.* Bruch contends that the insurance clause that allows CNA to request a trial violates public policy, citing for support *Dairyland Insurance Co. v. Rose*, 92 N.M. 527, 591 P.2d 281 (1979). In *Dairyland*, this Court held that the Uniform Arbitration Act supersedes a conflicting provision of the uninsured motorist statutes that allowed an aggrieved party to request a trial de novo following an arbitration award. *Id.* at 529–30, 591 P.2d at 283–84. We based our ruling on our policy preference that cases be resolved by arbitration and our belief that the legislature intended for arbitration awards to be final in order to reduce caseloads in the courts and so that controversies could be settled by arbitration if a contract or other document so provided. *Id.* at 530–31, 591 P.2d at 284–85. Bruch contends that the same policy preference should apply in this case.

We believe that *Dairyland* is not applicable in this case. Our legislature has not expressed its intent that an arbitration award should be final in cases in which the parties have provided to the contrary by contract; the Act is supportive of the parties' right to contract for arbitration. Further, this Court has consistently held that "parties to an insuring agreement may contract for and agree upon any mutually acceptable terms and provisions." *Ed Black's Chevrolet Ctr., Inc. v. Melichar*, 81 N.M. 602, 604, 471 P.2d 172, 174 (1970). Although contractual terms and provisions will not be enforced if they contradict "our public policy, as manifest in positive law," *State ex rel. Udall v. Colonial Penn Ins. Co.*, 112 N.M. 123, 130, 812 P.2d 777, 784 (1991), we are unable to find that this provision is repugnant to public policy. As evi-

denced by the unambiguous terms of the contract between Bruch and CNA, the parties agreed to settle by arbitration controversies arising under the uninsured motorist clause only if the award was less than the minimum limit for bodily injury liability required by law. As CNA admits, it would be bound by the decision of the arbitrators to award less than that amount and would not be entitled to a trial de novo. We strongly encourage final settlement by arbitration; however, Bruch and CNA mutually accepted the applicable term of the insurance contract.

■ *The trial court properly granted CNA's request for a trial de novo.* Bruch argues that even if the contract provision did not contravene public policy and was enforceable, the trial court still committed error because it exceeded its power to review and vacate the arbitration award. In *State ex rel. Hooten Construction Co. v. Borsberry Construction Co.*, 108 N.M. 192, 193, 769 P.2d 726, 727 (1989), this Court stated that the Uniform Arbitration Act statutorily limits the district court's authority to review an arbitration award. CNA contends that the trial court properly vacated the award under Section 44–7–12(A)(5).

Section 44–7–12(A)(5) gives the trial court the authority to vacate an arbitration award if there was no arbitration agreement, the issue regarding the existence of an agreement was not adversely determined in prior proceedings, and the party opposing the award did not participate in the arbitration without objecting. CNA argues, and Bruch does not contest, that the parties did not have an agreement to be bound by a damages award above the statutory limit and that there was no adverse determination regarding the existence of an agreement prior to the trial court hearing. The plain language of the contract supports CNA's contention that the parties did not have an agreement, and the record supports CNA's contention that there was no adverse determination.

Bruch does contest CNA's assertion that it did not proceed in the arbitration without objection. The record, however, shows that at the beginning of the arbitration proceedings CNA's counsel requested that the arbitration proceedings be recorded because "the insurance contract ... does allow for appeal

if the amount of uninsured damages awarded exceeded the minimum limit for bodily injury liability specified in the State of New Mexico." Bruch's counsel responded that he believed the provision regarding appeal was irrelevant and contrary to public policy. In any event, it appears that CNA contemplated invoking the provision that allowed for a trial de novo if the award exceeded $25,000, and it alerted the arbitrators to this fact. We find that, as a matter of law, CNA met its burden of proving that it participated in the arbitration only after it alerted the arbitrators that it would not agree to a binding award of more than the statutory limit of liability. Thus, the trial court did not exceed its authority by vacating the arbitration award and granting the trial de novo.

*Conclusion.* We find that provisions in uninsured motorist contracts that limit binding arbitration to damages that do not exceed the minimum limit of bodily injury liability insurance specified by the financial responsibility laws of New Mexico do not violate public policy. Further, the trial court properly granted CNA's request for a trial de novo. Therefore, the decision of the trial court is affirmed.

**IT IS SO ORDERED.**

MONTGOMERY, C.J., and FROST, J., concur.