887 P.2d 989

**Anthony KRIZANICH and Angela Krizanich, his wife, Plaintiffs–Appellants,**

v.

**LIBERTY MUTUAL FIRE INSURANCE COMPANY, a Massachusetts corporation, Defendant–Appellee.**

No. 1 CA–CV 92–0461.

Court of Appeals of Arizona, Division 1, Department E.

Dec. 29, 1994.

William J. Wolf, Phoenix, for appellants.

Cronin & Stanewich by Robert B. Stanewich, Phoenix, for appellee.

## OPINION

FIDEL, Presiding Judge.

This appeal requires interpretation of a binding arbitration clause in an underinsured motorist policy. The policy permits either the insurer or the insured to demand arbitration of disputed underinsured coverage claims. The arbitrators' decision binds the parties concerning the amount of the insured's damages if the arbitrators set damages at or below the minimum financial responsibility limits of the state—in Arizona $15,000. Arizona Revised Statutes Annotated section ("A.R.S. § ") 28–1102(6). The arbitrators' decision is nonbinding and either party may proceed to trial if the arbitrators' award set damages in an amount that exceeds the minimum financial responsibility limits of the state.

In this case, after settling an accident claim with the liability carrier for an underinsured motorist, the plaintiff-appellant made a claim on his own underinsured policy for an additional $100,000 in damages. The arbitrators awarded the plaintiff nothing against his insurer, holding instead that his damages had been fully compensated by his $40,000 settlement with the liability insurer for the driver-at-fault. The parties now dispute whether the plaintiff has the right to proceed to trial. The plaintiff contends that he has such a

right because the arbitrators established his damages as $40,000, an amount above the minimum financial responsibility limits of this state. The insurer contends that the arbitration was binding and precludes a trial because the pertinent amount of damages is the amount the arbitrators award on the under-insurance claim, an amount which in this case the arbitrators established as zero.

The trial court accepted the insurer's view and dismissed plaintiff's claim. For reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

Appellant Anthony Krizanich suffered injuries in a motor vehicle accident. The insurer of the driver-at-fault paid Krizanich $40,000 of its $50,000 liability coverage to settle his claim. Krizanich then turned to his own insurer, appellee Liberty Mutual Fire Insurance Company, asserted that his injuries exceeded the liability policy limit of the driver-at-fault by at least $100,000, and demanded that Liberty Mutual pay his full underinsured motorist coverage of $100,000. When Liberty Mutual refused, the parties arbitrated their dispute.

The only issues submitted to arbitration were whether, and to what extent, Krizanich's damages exceeded the $50,000 policy limits of the driver-at-fault. Although the arbitrators did not place a precise value on Krizanich's injuries, the panel majority found that his settlement had sufficed to compensate him fully, and they denied him any award against Liberty Mutual.

When Krizanich and his wife reasserted their claim against Liberty Mutual in the superior court, Liberty Mutual responded by moving for confirmation of the arbitration award and dismissal of the Krizanichs' complaint. Liberty Mutual argued that the arbitration was binding and that no grounds existed under A.R.S. §§ 12–1512 or 12–1513 to attack the legal validity of the arbitration award.[1] From the trial court's judgment

---

1. Liberty Mutual also moved to dismiss Angela Krizanich's complaint because she had not made a claim on the underinsured policy and was not a party to the arbitration. The trial court did not reach this issue, nor need we.

granting Liberty Mutual's motion, the Krizanichs bring this timely appeal.

## DISCUSSION

To resolve this case we interpret the following portion of Liberty Mutual's arbitration clause:

**ARBITRATION**

If we and an insured do not agree:

1. Whether that person is legally entitled to recover damages under this endorsement; or

2. As to the amount of damages;

either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third.

\*    \*    \*    \*    \*    \*

A decision agreed to by two of the arbitrators will be binding as to:

1. *Whether the insured is legally entitled to recover damages; and*

2. *The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of Arizona. If the amount exceeds that limit, either party may demand the right to a trial.* This demand must be made within 60 days of the arbitrators' decision. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

(Emphasis added.)

Argument centers on the passages we have italicized, which define the level of damages below which arbitration binds the parties and above which either party may demand the right to trial. Krizanich argues that, because his damages were determined by the settlement to be $40,000, his damages exceeded Arizona's financial responsibility minimum limit of $15,000, and he is thus entitled to reject the arbitration award and demand the right to trial. Liberty Mutual argues, and the trial court found, that, because the arbitrators entered an award of less than $15,000 against Liberty Mutual, the arbitration binds the parties, and Krizanich has no right to proceed to trial.

To refine the issue further, Krizanich interprets the phrase "the amount of damages" in italicized paragraph 2 to refer to the total amount of damages suffered by the policy holder, without regard to the sources and extent of compensation for those damages. Liberty Mutual, by contrast, interprets the phrase "the amount of damages" to refer only to that amount of the policy holder's damages uncompensated by the driver-at-fault's insurance and awarded by the arbitrators against the underinsurance carrier.

If we looked only to italicized paragraph 2, isolated from the remainder of the arbitration section, we might find some merit to Krizanich's argument. The phrase "the amount of damages" standing alone is at least as susceptible to Krizanich's interpretation as to that advanced by Liberty Mutual. But the quoted provision does not stand alone. We must read it in the context of the arbitration section as a whole. *See, e.g., Employers Admin. Serv. v. The Hartford Acc. & Indem. Co.,* 147 Ariz. 202, 709 P.2d 559 (App.1985).

The arbitration section contains two pairs of enumerated paragraphs, both quoted above. The first pair lists the two types of disputed underinsurance claims that may be submitted to arbitration:

1. Whether [the insured] is legally entitled to recover damages under [the underinsured motorist] endorsement; or

2. As to the amount of damages.

The second pair lists the two types of decisions arising from such arbitrations that are binding:

1. Whether the insured is legally entitled to recover damages; and

2. The amount of damages [if at or below the minimum financial responsibility limits of the state].

In our opinion, the first enumerated paragraphs, which define the scope of the arbitration, give context to the second, which define the extent to which the arbitration binds the parties. And in this context, we read the second pair of paragraphs to refer not to a claimant's damages as a whole but to the claimant's *arbitrable* damages—the ˙ only

damages the arbitrators must resolve—the damages, if any, recoverable against Liberty Mutual under its underinsurance endorsement. Our reading is supported by *Mayflower Ins. Co. v. Mahan,* 180 Ill.App.3d 213, 129 Ill.Dec. 159, 161–62, 535 N.E.2d 924, 926–27 (1988), in which the court said of an identical provision, "The policy language is plain and clear: the parties agreed that if the *arbitration award* exceeded the minimum statutory amount ($15,000) either party could demand a trial within a certain time frame." (Emphasis added.)

Krizanich next argues that, even if the provision bears the interpretation that we give it, that interpretation defeats the reasonable expectation of an average insured. Krizanich argues that, as a layman, he reasonably focused on his overall damages and expected that, because those damages had already been established in the primary insurance settlement at a level beyond the $15,000 financial responsibility minimum, he could request arbitration of the underinsured claim without risking his right to trial. In support of his argument, Krizanich quotes from *Gordinier v. Aetna Casualty & Sur. Co.,* 154 Ariz. 266, 272, 742 P.2d 277, 283 (1987):

> Where the contract terms, although not ambiguous to the court, cannot be understood by the reasonably intelligent consumer who might check on his or her rights, the court will interpret them in light of the objective, reasonable expectations of the average insured.

Although Krizanich has correctly cited *Gordinier,* we find it inapplicable to these facts. Instead we find that Liberty Mutual's arbitration clause *is* phrased in terms understandable "by the reasonably intelligent consumer who might check on his or her rights." *Id.* The defining paragraphs that, in our opinion, give context to the whole are neither remote nor submerged in boilerplate nor textually obscure. Rather, they closely precede the disputed paragraphs, are textually prominent, and are reasonably clearly phrased.

Moreover, in our view, the very nature of the arbitration section shapes the expectations of a reader. That section explains the arbitration process to a claimant who wishes to assert that some amount of his damages was underinsured by a third party driver-at-fault and therefore must be paid by the first party underinsurer. In our opinion, a reasonably intelligent consumer, attempting to decide whether to risk binding arbitration of such a claim, would reasonably interpret the disputed phrase "amount of damages" to refer to the amount of damages that the arbitrators would award. Accordingly, we find *Gordinier* inapplicable to this case.

## CONCLUSION

Had the arbitrators found that Krizanich could recover underinsured damages in an amount exceeding $15,000 against Liberty Mutual, either Krizanich or Liberty Mutual could have proceeded to trial in the superior court. But because the arbitrators did not award Krizanich damages exceeding $15,000, the trial court correctly found the arbitration binding and rejected his attempt to proceed to trial.

After considering the nature of the action, the relative economic positions of the parties, and the risk that a fee award "would discourage other parties with tenable claims ... from litigating ... legitimate contract issues," we deny Liberty Mutual's request for attorneys' fees pursuant to A.R.S. § 12–341.01(A). *Associated Indem. Corp. v. Warner,* 143 Ariz. 567, 570, 694 P.2d 1181, 1184 (1985).

The judgment of the trial court is affirmed.

CONTRERAS and TOCI, JJ., concur.