Argued and submitted April 19, affirmed June 28, petition for review denied November 21, 1995 (322 Or 360)

Sam MALEK,
*Respondent,*

*v.*

ATLANTIC MUTUAL COMPANIES,
dba Atlantic Mutual Insurance Company,
*Appellant.*

(9405-03528; CA A85235)

897 P2d 350

William H. Stockton argued the cause for appellant. With him on the briefs was Barbara L. Johnston.

Thomas E. Cooney argued the cause for respondent. With him on the brief were Robert S. Perkins and Cooney & Crew, P.C.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Defendant appeals from a judgment enforcing an arbitration award in favor of plaintiff pursuant to the underinsured motorist coverage of his employer's insurance policy. We affirm.

Plaintiff was injured in an automobile accident with an underinsured motorist. He made a claim against defendant, which is his employer's insurer. Several months after the accident, plaintiff's attorney, through a series of phone calls and letters, requested that defendant arbitrate the claim. Later, after an arbitration hearing, plaintiff was awarded $281,659. He then brought an action under ORS 36.350 to enter the award as a judgment. Defendant filed an exception to the award and a motion for jury trial, arguing that, if judgment were entered, defendant would be denied its right to a jury trial on the issue of damages. The trial court denied defendant's exception and motion and entered judgment.

On appeal, defendant repeats the arguments it made at trial. First, it asserts that it was required, on plaintiff's "demand," to submit to mandatory arbitration under ORS 742.504(10).[1] That statute expressly provides that, if one party demands underinsured motorist arbitration, the arbitration "shall take place" and both parties agree to consider themselves bound by that arbitration. Next, defendant argues that, if ORS 742.504(10) makes arbitration awards binding against a party who did not demand arbitration, that statute violates the nondemanding party's right to a jury trial under Article I, section 17, of the Oregon Constitution.[2]

---

[1] ORS 742.504(10) provides, in part:

"If any person making a claim hereunder and the insurer do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured vehicle because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this coverage, then, in the event the insured or the insurer elects to settle the matter by arbitration, the arbitration shall take place under the arbitration laws of the State of Oregon and any judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof * * *. * * * Such person and the insurer each agree to consider themselves bound and to be bound by any award made by the arbitrators pursuant to this coverage in the event of such election."

[2] Article I, section 17, of the Oregon Constitution provides:

"In all civil cases the right of Trial by Jury shall remain inviolate."

Plaintiff argues that defendant cannot assert its right to a jury trial, because it *voluntarily* agreed to participate in binding arbitration.

■ Defendant is correct that, to the extent that ORS 754.504(10) is mandatory and makes an arbitration award binding against a nondemanding party, it is unconstitutional. *Lind v. Allstate Insurance Company*, 134 Or App 395, 402, 895 P2d 327 (1995). However, if the parties agreed to arbitrate, defendant has not been deprived of its right to a jury trial. *Carrier v. Hicks*, 316 Or 341, 352, 851 P2d 851 (1993).

■ Plaintiff asserts that defendant willingly participated in the arbitration. Defendant contends that it entered arbitration only under statutory compulsion. Whether the parties agreed to arbitrate is a question of fact. We are bound by the trial court's findings of historical fact if there is evidence to support them. *Ball v. Gladden*, 250 Or 485, 487, 443 P2d 621 (1968).

■ At the hearing on defendant's motion, the trial court discussed how *Carrier* applied to arbitration under ORS 754.504(10) and orally found that defendant did not arbitrate under statutory compulsion.[3] There is evidence in the record to support that finding.[4] Because the parties agreed to arbitrate, defendant was not deprived of its right to a jury trial. *Carrier*, 316 Or at 352. The trial court did not err in denying defendant's exception and motion for jury trial.

Affirmed.

---

[3] At the hearing, the trial court said:

"It seems to me arbitration was conducted by agreement of the parties [and] not under statutory compulsion. That being so, the [statute] does not deprive plaintiff of a jury trial."

[4] Plaintiff's attorney said in his affidavit that it was his understanding from telephone conversations and written correspondence with defendant that it had agreed to arbitrate. Further, before plaintiff prevailed at the arbitration hearing, defendant never indicated to plaintiff that it intended to seek, or reserve its right to, a jury trial, or that it had entered into the arbitration under statutory compulsion. The trial court could find or infer from that evidence that the parties voluntarily agreed to arbitrate.