On respondent's motion for reconsideration filed June 1, reconsideration allowed; opinion (134 Or App 395, 895 P2d 327) modified and adhered to as modified September 6, petition for review denied December 12, 1995 (322 Or 362)

### Peggy LIND,
*Respondent,*

*v.*

## ALLSTATE INSURANCE COMPANY,
*Appellant.*

(9312-08151; CA A83422)

902 P2d 603

James N. Esterkin for motion.

I. Franklin Hunsaker, Jerry S. Eden and Bullivant, Houser, Bailey, Pendergrass & Hoffman, *contra*.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

**HASELTON, J.**

Plaintiff seeks reconsideration of our opinion in *Lind v. Allstate Ins. Co.*, 134 Or App 395, 895 P2d 327 (1995). We allow the motion and adhere to our opinion as amplified below.

■     In our opinion, we held that the arbitration clause in defendant's uninsured motorist insurance policy was enforceable notwithstanding ORS 742.504(10)[1] because, under the reasoning of *Molodyh v. Truck Insurance Exchange*, 304 Or 290, 744 P2d 992 (1987), that statute violates Article I, section 17, of the Oregon Constitution. Plaintiff now argues:

> "*Molodyh* is inapplicable because (1) [this] court incorrectly concluded that the plaintiff unilaterally initiated the arbitration process, a fact unsupported in the record [and] (2) the insurance policy in question mandated arbitration as a condition precedent to commencing a lawsuit, unlike the insurance policy provision in *Molodyh*."[2]

Plaintiff's arguments fail. First, the record demonstrates that plaintiff initiated arbitration. On January 14, 1993, plaintiff's counsel wrote to defendant demanding arbitration:

> "This letter will confirm and formalize the demand for arbitration of [plaintiff's] accident case."

---

[1] ORS 742.504(10) provides:

"Every policy required to provide the coverage specified in ORS 742.502 shall provide uninsured motorist coverage which in each instance is no less favorable in any respect to the insured or the beneficiary than if the following provisions were set forth in the policy. However, nothing contained in this section shall require the insurer to reproduce in such policy the particular language of any of the following provisions:

"* * * * *

"(10) If any person making claim hereunder and the insurer do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured vehicle because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this coverage, then, in the event the insured or the insurer elects to settle the matter by arbitration, the arbitration shall take place under the arbitration laws of the State of Oregon and any judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof * * *."

[2] Plaintiff advances additional purported distinctions of *Molodyh*, which we find unpersuasive and reject without discussion.

On January 28, 1993, plaintiff's counsel wrote again to defendant, reciting plaintiff's repeated demands for arbitration and threatening to commence bad faith litigation "unless arbitration is commenced, with [defendant] performing its responsibilities pursuant to the terms of the policy."

■ Moreover, even if defendant voluntarily agreed to arbitrate, *see Malek v. Atlantic Mutual Companies*, 135 Or App 205, 897 P2d 350 (1995), that agreement was qualified in that it was subject to the policy provision that permitted either party to obtain a jury trial if the arbitration award exceeded the limit of Oregon's financial responsibility law. Thus, any agreement by defendant to arbitrate was, at best, conditional.

■ Second, the arbitration clause at issue here did not require plaintiff, or any other insured, to demand and complete arbitration as a condition precedent to litigation. The arbitration clause provides, in part:

> "If the person insured or we don't agree on that person's right to receive any damages or the amount, then *upon the written request of either* the disagreement will be settled by arbitration." (Emphasis supplied.)

Under that language, as under ORS 742.504(10), neither the insured nor the insurer is *required* to arbitrate before pursuing litigation. Rather, the obligation to arbitrate arises only if one party makes a written demand for arbitration. Consequently, plaintiff initially could have filed her action in circuit court and, unless defendant had thereafter demanded arbitration and abated the action, the dispute could have been resolved without resort to arbitration. Thus, as in *Molodyh*, the arbitration provision was permissive for plaintiff. *See Molodyh*, 304 Or at 298.

Reconsideration allowed; opinion modified and adhered to as modified.