**Gloria HUIZAR, Plaintiff–Appellee,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant–Appellant.**

No. 95CA1016.

Colorado Court of Appeals,
Div. V.

July 25, 1996.

Rehearing Denied Aug. 22, 1996.

Certiorari Granted March 10, 1997.

Law Offices of Joseph J. Archuleta, Joseph J. Archuleta, Trent T. King, Denver, for Plaintiff–Appellee.

Holland & Hart, Brian Muldoon, Steven C. Choquette, Denver, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, Allstate Insurance Company, appeals from the order entered by the trial court denying its motion for a *trial de novo*. We reverse and remand with directions.

Plaintiff, Gloria Huizar, sustained injuries when the uninsured driver of the car in which she was riding lost control and the car hit a curb. Plaintiff filed a claim for benefits under the uninsured motorist coverage of a policy issued by defendant. The parties failed to reach an agreement as to the existence and amount of damages, and plaintiff demanded arbitration pursuant to certain policy provisions.

Those provisions, in pertinent part, provide:

If We Cannot Agree

If the insured person or we don't agree on that person's right to receive any damages or the amount, then at the written request of either, the disagreement will be settled by arbitration. Arbitration will take place under the rules of the American Arbitra-

tion Association unless either party objects.

. . . .

Regardless of the method of arbitration, any award not exceeding the limits of the Financial Responsibility Law of Colorado will be binding and may be entered as a judgment in a proper court.

*Regardless of the method of arbitration, when any arbitration award exceeds the Financial Responsibility limits in the State of Colorado, either party has a right to trial on all issues in a court of competent jurisdiction. This right must be exercised within 60 days of the award. Costs, including attorney fees, are to be paid by the party incurring them.* (emphasis added)

Plaintiff obtained an award in the arbitration of $30,000 plus interest and costs. Relying on the emphasized language above quoted, defendant filed a motion in the trial court for a trial *de novo*. While the trial of a previously arbitrated matter is not technically a trial *de novo*, we refer to the emphasized policy provision as "the trial *de novo* provision."

The trial court, acknowledging that the award exceeded Colorado's financial responsibility limit of $25,000, § 42–7–103(2), C.R.S. (1995 Cum.Supp.) and § 10–4–706(1)(a), C.R.S. (1994 Repl.Vol. 4A), nevertheless denied defendant's motion holding that the trial *de novo* provision was void as against public policy.

I.

The primary issue to be resolved in this appeal concerns the enforceability of the trial *de novo* provision. We conclude that the trial *de novo* provision is not contrary to the public policy of Colorado and, therefore, reverse.

Colorado strongly favors settlement of disputes by arbitration. *Red Carpet Armory Realty Co. v. Golden West Realty,* 644 P.2d 93 (Colo.App.1982). The public policy of Colorado with respect to arbitration is of constitutional dimension. Article XVIII,

Section 3 of the Colorado Constitution, as adopted in 1875, states:

It shall be the duty of the general assembly to pass such laws as may be necessary and proper to decide differences by arbitrators, to be appointed by mutual agreement of the parties to any controversy who may choose that mode of adjustment. The powers and duties of such arbitrators shall be as prescribed by law.

The policy is evidenced by the adoption of the Uniform Arbitration Act, § 13–22–201, et seq., C.R.S. (1987 Repl.Vol. 6A). *Wales v. State Farm Mutual Automobile Insurance Co.,* 38 Colo.App. 360, 559 P.2d 255 (1976). Colorado has also adopted the Dispute Resolution Act, § 13–22–301, et seq., C.R.S. (1987 Repl.Vol. 6A), which provides for the arbitration and mediation of disputes following the commencement of litigation.

All doubts as to whether a dispute is arbitrable are to be resolved in favor of arbitration. *Cohen v. Quiat,* 749 P.2d 453 (Colo.App.1987). Further, our courts have recognized the validity of arbitration agreements set forth in the uninsured motorist portions of automobile policies. *Wales v. State Farm Mutual Automobile Insurance Co., supra.* Binding arbitration is mandatory to resolve disputes between an insurer and insured relating to the Colorado Auto Accident Reparations Act. Section 10–4–708, C.R.S (1994 Repl.Vol. 4A).

The trial *de novo* provision is a common provision in automobile insurance policies. While the validity of trial *de novo* provisions is a question of first impression in this state, numerous other jurisdictions have visited the issue, and the majority have declared such provisions void as against public policy. *See* Annot., 23 A.L.R.5th 801 (1994).

Most jurisdictions which have declared the trial *de novo* provisions of insurance contracts void as contrary to public policy have done so on the grounds of a strong public policy favoring arbitration. *O'Neill v. Berkshire Mutual Insurance Co.,* 786 F.Supp. 397 (D.Vt.1992); *Field v. Liberty Mutual Insurance Co.,* 769 F.Supp. 1135 (D.Haw.1991); *Mendes v. Automobile Insurance Co.,* 212 Conn. 652, 563 A.2d 695 (1989); *Worldwide*

Insurance Group v. Klopp, 603 A.2d 788 (Del.1992); Schmidt v. Midwest Family Mutual Insurance Co., 426 N.W.2d 870 (Minn. 1988); Schaefer v. Allstate Insurance Co., 63 Ohio St.3d 708, 590 N.E.2d 1242 (Ohio 1992); Pepin v. American Universal Insurance Co., 540 A.2d 21 (R.I.1988).

In Schmidt v. Midwest Family Mutual Insurance Co., supra, 426 N.W.2d at 874, the Minnesota Supreme Court stated its reasons for finding the provision contrary to public policy as follows:

> The policy's arbitration provision, instead of providing a speedy, informal, and relatively inexpensive procedure for resolving controversies between the parties—the raison d'etre of arbitration—instead substantially thwarts those policy goals. By permitting resort to the court system for a trial de novo notwithstanding the absence of any claimed impropriety in the arbitration process itself, by fostering multiple hearings in multiple forums, by increasing the costs to the contracting parties, and, by unnecessarily, and without real cause, extending the time consumed in resolving the controversy it likewise operates to defeat goals designed to promote judicial economy and respect for the judicial system.

Conversely, Allstate did not before the trial court, nor does it on appeal, attach any compelling industry need or policy in support of the trial de novo provision. Its position is that it is entitled to the benefit of the contract.

The requirement that parties arbitrate uninsured and underinsured motorists claims is designed, in significant part, to limit the insurer's exposure by precluding a jury trial with its attendant risks. While the trial de novo provision permits either party to escape the arbitration award, most courts which have considered the matter have concluded that, as a practical matter, the insurer is much more likely to make such an election. See O'Neill v. Berkshire Mutual Insurance Co., supra; Worldwide Insurance Group v. Klopp, supra; Mendes v. Automobile Insurance Co., supra. The claimant might well be discouraged from making such an election because of coverage limits.

A minority of the jurisdictions which have considered the issue have concluded there is no violation of public policy and have enforced trial de novo provisions. Krizanich v. Liberty Mutual Fire Insurance Co., 181 Ariz. 108, 887 P.2d 989 (1994); Mayflower Insurance Co. v. Mahan, 180 Ill.App.3d 213, 129 Ill.Dec. 159, 535 N.E.2d 924 (1988); Cohen v. Allstate Insurance Co., 231 N.J.Super. 97, 555 A.2d 21 (1989); Bruch v. CNA Insurance Co., 117 N.M. 211, 870 P.2d 749 (1994); Allstate Insurance Co. v. Jacobs, 208 A.D.2d 578, 617 N.Y.S.2d 360 (N.Y.App.Div.1994); Lind v. Allstate Insurance Co., 134 Or.App. 395, 895 P.2d 327 (1995), modified, 136 Or. App. 532, 902 P.2d 603 (1995).

The New Mexico Supreme Court, in Bruch v. CNA Insurance Co., supra, 870 P.2d at 751, stated:

> Our legislature has not expressed its intent that an arbitration award should be final in cases in which the parties have provided to the contrary by contract; the Act [Uniform Arbitration Act] is supportive of the parties' right to contract for arbitration. Further, this Court has consistently held that 'parties to an insuring agreement may contract for and agree upon any mutually acceptable terms and provisions.' ... Although contractual terms and provisions will not be enforced if they contradict 'our public policy, as manifest in positive law,' ... we are unable to find that this provision is repugnant to public policy. As evidenced by the unambiguous terms of the contract between Bruch and CNA, the parties agreed to settle by arbitration controversies arising under the uninsured motorist clause only if the award was less than the minimum limit for bodily injury liability required by law. As CNA admits, it would be bound by the decision of the arbitrators to award less than that amount and would not be entitled to a trial de novo. We strongly encourage final settlement by arbitration: however, Bruch and CNA mutually accepted the applicable term of the insurance contract.

Although, as we have noted above, the public policy of Colorado strongly favors arbitration, there is no stated public policy requirement that arbitration be made man-

datory or binding by agreement. Indeed, both the Constitution and the Uniform Arbitration Act recognize the right of the parties to choose and regulate arbitration by contract. Colo. Const. art. XVIII, § 3; §§ 13–22–202 and 13–22–203, C.R.S. (1987 Repl.Vol. 6A).

The insurance industry is regulated in Colorado. Such regulation takes the form, in part, of statutes requiring or prohibiting provisions in insurance contracts. *See, e.g.,* § 10–8–103, C.R.S. (1994 Repl. Vol 4A) (required provisions in sickness and accident insurance policies). Either the General Assembly or, presumably, the Division of Insurance with appropriate authority could mandate binding arbitration with respect to uninsured and underinsured motorists coverages. Neither has seen fit to do so. The General Assembly has imposed such a requirement with respect to personal injury protection coverages only. Section 10–4–708.

Our inquiry is not limited to the general public policy favoring arbitration. We must, in our view, also consider the absence of any requirement for arbitration on uninsured or underinsured claims, *Cohen v. Allstate Insurance Co., supra,* and we find the absence of such a requirement here to be significant.

Whatever the wisdom of trial *de novo* provisions in insurance policies with respect to uninsured and underinsured motorists coverages, we conclude they are not void as being contrary to the public policy of Colorado.

The order is reversed, and the cause is remanded for further proceedings.

RULAND and CASEBOLT, JJ., concur.