Argued and submitted July 19, affirmed November 3, 1999

## Suzanne Ellen SANDERSON,
*Respondent,*

*v.*

## ALLSTATE INSURANCE COMPANY,
*Appellant.*

(97-3069-L-3; CA A104390)

989 P2d 486

Tracy M. McGovern argued the cause for appellant. With her on the briefs was Frohnmayer, Deatherage, Pratt, Jamieson, Clarke & Moore, P.C.

David deVilleneuve argued the cause for respondent. With him on the brief was Dwyer Simpson Attorneys, P.C.

Before Linder, Presiding Judge, and Brewer, Judge, and Warren, Senior Judge.

BREWER, J.

## BREWER, J.

Defendant insurer appeals from a judgment awarding underinsured motorist (UIM) benefits to plaintiff, its insured, based on stipulated facts following the trial court's denial of defendant's motion to dismiss plaintiff's claim for noncompliance with ORS 742.504(12)(a)-(c) (1993).[1] Specifically, defendant contends that plaintiff's failure to institute formal arbitration proceedings within two years from the date of the underinsured accident barred plaintiff's action for UIM benefits. ORS 742.504(12)(c). We affirm.

The trial court's judgment was based on the following written stipulation of the parties:

"1. Plaintiff was injured in an automobile accident, which occurred on October 17, 1995.

"2. The accident was a result of the negligence of Jennifer Lyn Brenhaug.

"3. At the time of the accident Brenhaug carried an automobile liability insurance policy which provided coverage in the amount of $25,000.00 per person, per accident.

"4. At the time of the accident, plaintiff had in effect, an automobile insurance policy issued by defendant which provided underinsured motorist benefits in the amount of $100,000.00 per person, $300,000.00 per accident.

"5. Plaintiff, with defendant's consent, settled her bodily injury claim with Brenhaug for the full amount of Brenhaug's policy limit.

"6. Plaintiff filed this suit against defendant on July 29, 1997[,] within two years of the date of the accident.

"7. Plaintiff did not file suit for bodily injury in a court of competent jurisdiction against Jennifer Lyn Brenhaug on or before October 17, 1997 for the auto accident, which occurred on October 17, 1995.

"8. Plaintiff did not reach an agreement with defendant insurer as to the amount due under the policy on or before October 17, 1997.

---

[1] Unless otherwise specified, we refer throughout the opinion to the 1993 version of ORS 742.504.

"9.   Plaintiff did not formally institute arbitration proceedings on or before October 17, 1997.

"10.   The value of plaintiff's underinsured motorist claim is $25,000.00, over and above the $25,000.00 she received from Jennifer Lyn Brenhaug's policy."

Defendant filed a motion to dismiss plaintiff's complaint, contending that plaintiff had failed to comply with any of the three alternative procedural requirements for the timely initiation of a direct action by an insured against an underinsured motorist carrier under ORS 742.504(12). As it does on appeal, defendant specifically urged that plaintiff was required to comply with subsection 12(c) of that statute. The trial court denied the motion. Thereafter, the parties stipulated to the aforementioned controlling facts, and defendant appealed from the ensuing judgment entered in plaintiff's favor based on the parties' submission of their stipulation to the trial court. The sole issue on appeal is a question of law: whether plaintiff was required to comply with ORS 742.504(12)(a)-(c) in order to maintain this action and, in particular, whether plaintiff was required, as provided in subsection (12)(c), to institute formal arbitration proceedings against defendant within two years after the accident.

■      We begin our analysis with the text of ORS 742.504, which was incorporated into the policy in this case and provided, in part:

"(12)   The parties to this coverage agree that no cause of action shall accrue to the insured under this coverage unless within two years from the date of the accident:

"(a)   Suit for bodily injury has been filed against the uninsured[2] motorist, in a court of competent jurisdiction;

"(b)   Agreement as to the amount due under the policy has been concluded; or

"(c)   The insured or the insurer has formally instituted arbitration proceedings."

Defendant acknowledges, and we agree, that ORS 742.504(12)(a)-(c) provides procedural alternatives for tolling

---

[2] Pursuant to ORS 742.502(4), ORS 742.504 is also applicable to UIM insurance.

of the two-year limitations period authorized by that statute for inclusion in UIM policies. *Vega v. Farmers Ins. Co.*, 323 Or 291, 297, 918 P2d 95 (1996). Defendant does not specifically contend that plaintiff could be expected to comply with either of the first two alternatives enumerated in ORS 742.504(12) under the facts of this case. Instead, defendant asserts that plaintiff was required to comply with the third alternative, that is, to institute formal arbitration proceedings within two years after the accident under ORS 742.504(12)(c). Plaintiff responds that mandatory arbitration of her claim would violate her right to trial by jury under Article I, section 17, of the Oregon Constitution.[3] Plaintiff is correct. *Carrier v. Hicks*, 316 Or 341, 351-52, 851 P2d 851 (1993) (notwithstanding the arbitration provisions of *former* ORS 742.504(10) (1993), an unwilling uninsured motorist (UM) or UIM claimant or insurer cannot be required to arbitrate the claim); *Molodyh v. Truck Insurance Exchange*, 304 Or 290, 295-97, 744 P2d 992 (1987) (provision of fire insurance code requiring compliance with appraisal procedure could not deprive nondemanding party of right to jury trial). *See also Lind v. Allstate Ins. Co.*, 134 Or App 395, 401-02, 895 P2d 327, *adhered to as modified* 136 Or App 532, 902 P2d 603, *rev den* 322 Or 362 (1995).

Defendant nonetheless asserts that, although plaintiff was not required to complete arbitration, plaintiff could have complied with the policy by "formally institut[ing]," then later terminating, arbitration proceedings. In defendant's view, the policy required only that arbitration be commenced, not finished, and, therefore, did not ultimately deprive plaintiff of her right to jury trial. Defendant's argument depends on the validity of two premises, the first express and the second implied. The first is that the phrase "formally institute[,]" as used in ORS 742.504(12)(c), permits a claimant to commence arbitration without intending to complete it. The second is that such a strategy may be executed without risk that the insurer will agree to arbitrate and, in so doing, bind the unserious claimant to complete arbitration. We discuss each in turn.

---

[3] Section 17 provides that "[i]n all civil cases the right of Trial by Jury shall remain inviolate."

■ Defendant's first premise presents a question of statutory construction that requires us to examine the text and context of ORS 742.504(12) and, if necessary, its legislative history in order to discern the meaning of the phrase "formally institute." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993). The legislature did not define the phrase in question, either in ORS 742.504 or in any other statute. Therefore, because they are words of common usage, we examine the plain and ordinary meaning of the words comprising the phrase. *Id.* "Formal" means "following or according with established form, custom or rule * * * based on forms and rules, esp. such as are accepted by convention: of or following a prescribed form." *Webster's Third New Int'l Dictionary,* 893 (unabridged ed 1993). "Formal" has the opposite meaning of "informal," which means "conducted or carried out without formal * * * or ceremonious procedure: unofficial." *Id.* at 1160. "Institute" means "to originate and get established: set up: cause to come into existence." *Id.* at 1171. Thus, to "formally institute" arbitration means to commence and establish arbitration according to prescribed or official terms and rules.

Because that meaning does not require an insured to finish what he or she begins, defendant's first premise is literally accurate; the language of the statute does not *prevent* either an insured or an insurer from commencing arbitration without intending to complete it. However, that conclusion does not necessarily mean that an insured can be *compelled* to formally institute arbitration in order to toll the limitation period for a direct action against the insurer. The lesson of *Molodyh*, *Carrier*, and *Lind* is that arbitration may not be compelled if the right to jury trial is impaired as a result. We turn, therefore, to defendant's implied premise that the formal institution of arbitration does not prejudice the demanding party's right to a jury trial.

Defendant presumes that no prejudice exists, because ORS 742.504(12)(c) "merely requires a party to give formal notice of [its] intent to institute arbitration proceedings * * *." As noted above, that proposition is inaccurate. *Formal* institution of arbitration must be official. The institution of arbitration requires more than mere notice; it

requires the establishment and setting up of the formal process of arbitration.[4]

By formally instituting arbitration, an insured is exposed to the risk that the insurer will accept that procedure. The insured's written demand for arbitration results in an enforceable agreement to arbitrate once the insurer accepts it. ORS 36.305 ("An agreement in writing between persons to submit to arbitration any controversy then existing between them, shall, provided the arbitration is held within the State of Oregon, be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."). Should the insurer accept the offer to arbitrate, the insured may not complain about the loss of the right to jury trial. *Malek v. Atlantic Mutual Companies*, 135 Or App 205, 897 P2d 350, *rev den* 322 Or 360 (1995). In *Malek*, we upheld the trial court's determination that an insurer agreed to arbitrate an underinsured motorist claim and, therefore, was not deprived of its constitutional right to jury trial as a consequence of an adverse arbitration award. As we observed:

> "[T]o the extent that ORS 754.504(10) is mandatory and makes an arbitration award binding against a *nondemanding party*, it is unconstitutional. However, if the parties agreed to arbitrate, defendant has not been deprived of its right to a jury trial." 135 Or App at 208 (emphasis added; citation omitted).

Thus, the tactic proposed by defendant could easily result in the insured's loss of the right of direct action altogether. With that loss, the right to jury trial is also forfeited.

■        The insurance policy in this case merely incorporated the statutory language of ORS 742.504(12)(c). Under *Molodyh*, the statute cannot operate to deprive either party of a right to a jury trial. The policy provision authorized by ORS 742.504(12)(c) is similarly unenforceable for that reason. The constitutional right to jury trial is not subject to the unilateral discretion of the opposing party. *Carrier*, 316 Or at

---

[1] As we said in another context, "ORS 742.504(10) describes a particular type of arbitration—*i.e.*, arbitration that is pursued *in lieu of* litigation." *Douglass v. Allstate Ins. Co.*, 152 Or App 216, 222, 953 P2d 770, *rev den* 327 Or 305 (1998) (emphasis in original).

352. An insurer's acceptance of an arbitration demand would defeat the insured's right to jury trial no less than if the insurer had made the demand and the insured was, as a result, bound to arbitrate. Placing plaintiff in the position of demanding arbitration in order to bring a direct action against defendant would thus run afoul of the constitutional guarantee where, as here, plaintiff has not otherwise given up that right. We therefore conclude that ORS 742.504(12)(c) and any policy provision based on it cannot be constitutionally applied to abrogate plaintiff's right to jury trial.

Because plaintiff could not be compelled to comply with the policy's tolling requirements under the facts of this case,[5] the two-year contractual limitations period was not enforceable. *Turlay v. Farmers Insurance Exch.*, 259 Or 612, 623, 488 P2d 406 (1971) (requirement that insured file an action against negligent driver within one year UM policy limitation period was not enforceable where driver's identity was unknown and compliance was impossible). Apart from noncompliance with ORS 742.504(12), defendant does not contend that plaintiff's claim was time-barred. Plaintiff filed this action well within the six-year contract limitations period applicable to UIM actions in which the limitations period authorized by ORS 742.504(12) may not be enforced. *Vega*, 323 Or at 295 n 2; *Turlay*, 259 Or at 624. Therefore, the trial court did not err in denying defendant's motion to dismiss and in entering judgment for plaintiff based on the parties' stipulation of facts.

Affirmed.

---

[5] The dilemma posed by the facts of this case was addressed by the legislature in 1997, when ORS 742.504(12) was amended to permit tolling of the two-year limitation period by filing, as did plaintiff here, a direct action against the insurer within two years from the date of the accident. ORS 742.504(12)(a)(C). Or Laws 1997, ch 808, § 2. However, that amendment does not apply to this action.